## McCARTHY v. PHILADELPHIA CIVIL SERVICE COMMISSION

No. 75–783.   Decided March 22, 1976

PER CURIAM.

After 16 years of service, appellant's employment in the Philadelphia Fire Department was terminated because he moved his permanent residence from Philadelphia to New Jersey in contravention of a municipal regulation requiring employees of the city of Philadelphia to be residents of the city.   He challenges the constitutionality of the regulation and the authorizing ordinances [1] as violative of his federally protected right of interstate travel.   The regulation was sustained by the Commonwealth Court of Pennsylvania [2] and review was denied by the Pennsylvania Supreme Court.[3]   His timely appeal is here pursuant to 28 U. S. C. § 1257 (2).

The Michigan Supreme Court held that Detroit's sim-

[1] § 7–401 (u) of the Philadelphia Home Rule Charter of 1951; § 20–101 of the Philadelphia Code (as amended); and § 30.01 of the Philadelphia Civil Service Regulations.

[2] 19 Pa. Commw. 383, 339 A. 2d 634 (1975).

[3] In an unreported order entered on September 2, 1975, that court denied a petition for review.

ilar requirement for police officers was not irrational and did not violate the Due Process Clause or the Equal Protection Clause of the Fourteenth Amendment.[4]  We dismissed the appeal from that judgment because no substantial federal question was presented. *Detroit Police Officers Assn.* v. *City of Detroit*, 405 U. S. 950 (1972). We have therefore held that this kind of ordinance is not irrational. *Hicks* v. *Miranda*, 422 U. S. 332, 343–345 (1975); see *Wardwell* v. *Board of Education of Cincinnati*, 529 F. 2d 625, 628 (CA6 1976).

We have not, however, specifically addressed the contention made by appellant in this case that his constitutionally recognized right to travel interstate as defined in *Shapiro* v. *Thompson*, 394 U. S. 618 (1969); *Dunn* v. *Blumstein*, 405 U. S. 330 (1972); and *Memorial Hospital* v. *Maricopa County*, 415 U. S. 250 (1974), is impaired. Each of those cases involved a statutory requirement of residence in the State for at least one year before becoming eligible either to vote, as in *Dunn*, or to receive welfare benefits, as in *Shapiro* and *Memorial Hospital*.[5] Neither in those cases, nor in any others, have we questioned the validity of a condition placed upon municipal employment that a person be a resident *at the time* of his application.[6]  In this case appellant claims a constitutional right to be employed by the city of Philadelphia

---

[4] *Detroit Police Officers Assn.* v. *City of Detroit*, 385 Mich. 519, 190 N. W. 2d 97 (1971).

[5] Although there is a durational residence requirement in the Philadelphia ordinances, appellant does not have standing to challenge that requirement.

[6] Nor did any of those cases involve a public agency's relationship with its own employees which, of course, may justify greater control than that over the citizenry at large.  Cf. *Pickering* v. *Board of Education*, 391 U. S. 563, 568 (1968); *CSC* v. *Letter Carriers*, 413 U. S. 548 (1973); *Broadrick* v. *Oklahoma*, 413 U. S. 601 (1973).

*while* he is living elsewhere.[7]   There is no support in our cases for such a claim.

We have previously differentiated between a requirement of continuing residency and a requirement of prior residency of a given duration.   Thus in *Shapiro, supra,* at 636, we stated: "The residence requirement and the one-year waiting-period requirement are distinct and independent prerequisites."   And in *Memorial Hospital, supra,* at 255, quoting *Dunn, supra,* at 342 n. 13, the Court explained that *Shapiro* and *Dunn* did not question " 'the validity of appropriately defined and uniformly applied bona fide residence requirements.' "

This case involves that kind of bona fide continuing-residence requirement.   The judgment of the Commonwealth Court of Pennsylvania is therefore affirmed.

THE CHIEF JUSTICE, MR. JUSTICE BRENNAN, and MR. JUSTICE BLACKMUN would note probable jurisdiction and set the case for argument.

---

[7] Appellant seeks review of other alleged errors as if presented in a petition for a writ of certiorari.   We decline to review those issues.