**James YOUKER et al.,
Plaintiffs-Appellants,**

v.

**Roy O. GULLEY, Director of the Administrative Office of the Illinois Courts, and the Administrative Office of the Illinois Courts, Defendants-Appellees.**

**No. 75–2048.**

United States Court of Appeals,
Seventh Circuit.

Argued April 14, 1976.
Decided June 7, 1976.

---

Donald T. Bertucci, Harry A. Turkington, Chicago, Ill., for plaintiffs-appellants.

William J. Scott, Atty. Gen., Herbert Lee Caplan, Asst. Atty. Gen., Chicago, Ill., for defendants-appellees.

Before HASTINGS, Senior Circuit Judge, TONE, Circuit Judge, and NOLAND, District Judge *.

HASTINGS, Senior Circuit Judge.

We consider the basic question of whether or not the Illinois Supreme Court may condition the employment of official state court reporters upon their forebearance from commercial reporting activities.

The underlying action was brought by three court-appointed official court reporters in DuPage County, Illinois. The three plaintiffs also own a partnership interest in a private court reporting company. Named defendants are Roy O. Gulley, in his capacity as Director of the Administrative Office of the Illinois Courts, and the Administrative Office of the Illinois Courts (AOIC), in its capacity as an administrative agency of the Illinois Supreme Court.

It is conceded that, pursuant to Article VI, Section 16, of the Illinois Constitution of 1970, the general administrative and supervisory authority over all state courts is vested in the Supreme Court of Illinois which exercises the authority through its appointed administrative director and his staff. The Illinois Supreme Court allocates full-time official court reporter positions to each of the several judicial circuits. The

* The Honorable James E. Noland, United States District Judge for the Southern District of Indiana, is sitting by designation.

court reporters are appointed by the chief judge of each circuit with the consent of the circuit judges, pursuant to Ill.Rev.Stat. ch. 37, § 654 (1973).

Effective January 1, 1975, the AOIC promulgated its "Administrative Regulations Governing Reporters in the Illinois Courts." At issue here are the provisions of Section III of the regulations, which read:

### III. *Limitations on Reporters*

#### A. *Political Activity.*

No official reporter shall hold elective public office or become a candidate therefor. No official reporter may be an officer of any political party. No official reporter shall solicit funds for political campaigns.

#### B. *Outside Work.*

Official reporters may not engage in private reporting employment.

The Supreme Court ban on outside reporting also applies to reporting work for any governmental department, agency or commission other than the judicial branch of government. With special permission, an official reporter may serve the Prosecutor, Grand Jury or other official or agency connected with the judiciary during regular court hours, but he shall not charge an attendance fee for such work. Official reporters are prohibited from being partners, associates, or employees of any reporting firm or corporation, and they may not receive any payments or fees for transcripts or appearances paid for reporting work done by another reporter, even though the official reporter may have arranged for the work to be done.

Plaintiffs in particular attack the provisions of Section III, Paragraph B, of the regulations, pertaining to outside work.

In essence, plaintiffs complain that the 24 months of public hearings conducted by the AOIC prior to the adoption of these regulations were held without making a record of the minutes thereof and that as a consequence no statement of the reasonableness

of the regulation is available. It is further alleged in substance that "[a]bsent such a showing by the State, Section III, Paragraph B constitutes an arbitrary classification lacking in minimum reasonableness, as required by the 14th Amendment to the Federal Constitution." As a result, it is alleged that "plaintiffs are deprived of their constitutional right to hold property and have liberty of employment without the equal protection of the law." Preliminary and final injunctive relief was sought, as well as a declaration of constitutional invalidity of the regulation in issue.

Jurisdiction was asserted under the Fourteenth Amendment to the United States Constitution; 28 U.S.C. § 1343(3) and § 2201; and 42 U.S.C. § 1983.

Defendants moved to dismiss for lack of subject matter jurisdiction, for lack of jurisdiction over the person, and for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(1), (2), (6), Federal Rules of Civil Procedure, 28 U.S.C. The district court found that the complaint failed to state a claim upon which relief could be granted and did not reach the other issues. The complaint was dismissed. Plaintiffs appealed. We affirm.

### I.

At the outset, we decline to consider on appeal the contention of plaintiffs that the regulations in question constitute a restraint of trade in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, *et seq.* This supposed anti-trust issue was neither pleaded in the complaint nor briefed or argued before the trial court. We have long adhered to the general rule that a litigant may not present on appeal as a ground for reversal an issue which was not presented to the trial court and which it, therefore, had no opportunity to decide. Such holdings are legion, and need little further citation. *See, e. g., Hamilton Die Cast, Inc. v. United States Fidelity & Guaranty Co.,* 7 Cir., 508 F.2d 417, 420 (1975); *Ohio Casualty Insurance Co. v. Rynearson,* 7 Cir., 507 F.2d 573, 582 (1974). The case at

bar does not come within the well-recognized exceptions to the general rule.

## II.

Plaintiffs contend that the Illinois Supreme Court requirement that official court reporters forego private reporting activities as a condition of their employment is "patently arbitrary and bears no reasonable relationship to [its] hypothesized purpose." Further, they contend that the district court "engaged in conjecture and simply hypothesized purposes without any foundation in fact." We disagree with this contention.

 The plain and unambiguous language of Section III, Paragraph B, of the regulations belies this contention. It is clear, as the district court found, that the Supreme Court of Illinois was striving "to insure a more expeditious preparation of transcripts by eliminating the conflict between a reporter's official duties and outside work, in addition to eliminating any appearance of impropriety caused by the existence of a commercial relationship between a party-litigant and the official court reporter." Memorandum Opinion, June 27, 1975 (Unreported). Whether reporters have no problem in handling a full court load in addition to outside work is beside the point. It only matters that the provisions of the regulation bear a reasonable relationship to the object of the regulation.

The standard of official conduct applied to official court reporters is the same as that constitutionally applied by Illinois to its judges and associate judges who are required to devote full time to their official duties and are proscribed from practicing law or holding a position of profit. Ill. Const. Art. VI, § 13(b) (1970).

In *United States Civil Service Commission v. National Association of Letter Carriers, AFL–CIO,* 413 U.S. 548, 93 S.Ct. 2880, 37 L.Ed.2d 796 (1973), the Court reaffirmed the government's right to restrict the politi-

cal activities of its employees under the Hatch Act, 5 U.S.C. § 7324(a)(2). It also emphasized the importance of avoiding not only "practicing political justice," but even publicly appearing to do so. *Id.* at 565, 93 S.Ct. 2880. *See also Wright v. City of Jackson, Mississippi,* 5 Cir., 506 F.2d 900, 903–4 (1975), cited here by the district court.

The resolution of a somewhat analogous constitutional regulatory challenge based on the liberty guarantee of the Fourteenth Amendment was recently decided by the United States Supreme Court in *Kelley v. Johnson,* —— U.S. ——, 96 S.Ct. 1440, 47 L.Ed.2d 708 (1976). Citing, *inter alia, Civil Service Commission v. Letter Carriers, supra,* the Court noted: "More recently, we have sustained comprehensive and substantial restrictions upon activities of both federal and state employees lying at the core of the First Amendment." —— U.S. at ——, 96 S.Ct. at 1445. The Court then continued: "If such state regulations may survive challenges based on the explicit language of the First Amendment, there is surely even more room for restrictive regulations of state employees where the claim implicates only the more general contours of the substantive liberty interest protected by the Fourteenth Amendment." *Id.* We find comfort in extending this rationale to our consideration of the case at bar.[1]

We think the district court was correct in its refusal to credit the plaintiffs' claim that "the absence of written history concerning the regulation makes it *per se* arbitrary and lacking in reasonableness." Memorandum Opinion, June 27, 1975 (Unreported). Further, it is quite clear to us that the restrictions imposed upon the activity of official court reporters bear a reasonable relationship to the goals which the regulation intends to accomplish.

 Following the lead of the Supreme Court in *Kelley v. Johnson,* —— U.S. at

---

1. *Cf. McCarthy v. Philadelphia Civil Service Comm.,* 424 U.S. 645, 96 S.Ct. 1154, 47 L.Ed.2d 366 (1976), a per curiam summary affirmance of a decision upholding the constitu-
tional validity of a municipal regulation requiring employees of the City of Philadelphia to be residents of the city.

——, 96 S.Ct. at 1445, 47 L.Ed.2d at 715, the question here is not whether the State of Illinois can establish a genuine public need for the specific regulation at issue. It is, rather, whether the plaintiff official state court reporters can demonstrate that there is no rational connection between the regulation and the state purpose it promotes, based as it is upon the state's need for the expeditious handling of their work and the avoidance of any conflict or appearance of conflict of interest which may arise from their outside commercial activities. In our judgment, plaintiffs have not sustained this burden.

In light of all the foregoing consideration given to the basic question at issue, we hold that the regulation challenged here did not violate any right guaranteed by the Fourteenth Amendment to the United States Constitution, and that the district court correctly held that plaintiffs' complaint failed to state a claim upon which relief can be granted and properly dismissed the complaint.

The judgment of the district court is affirmed.

AFFIRMED.