CITIES AND TOWNS
Under 11 O.S. 22-127 [11-22-127] (1977), a municipality of less than five thousand (5,000) population may by a properly enacted ordinance require its employees to be residents of such municipality, but a municipality of five thousand (5,000) population or more may not impose such requirement. The Attorney General is in receipt of your opinion request wherein you ask the following question: "Can a city or town constitutionally require its employees to live within its corporate limits, with or without the assistance of such provision in its code?" Your inquiry addresses the procedures to be followed in effecting a municipal employee residency requirement, as well as the constitutionality of such a law. Your attention is first directed to 11 O.S. 571 [11-571] (1971), which provides, in pertinent part: " (c) In cities and towns with a population of five thousand (5,000) or less, according to the last Federal Decennial Census, the governing board of the city or town may by ordinance establish residency requirements for policemen, firemen and other municipal employees." However, a plain reading of the above limits application to cities and towns with populations of five thousand (5,000) or less. The general rule to be followed when exercising municipal powers is contained in 62 C.J.S., Municipal Corporations, 159, 160: "The state may prescribe in what mode or manner a municipal corporation shall exercise its powers; and if the statute or charter conferring a municipal power prescribes the manner in which it shall be exercised this is generally mandatory and exclusive of other methods, and must be pursued in all substantial particulars, although a grant of power to a city may imply a means of exercising it in addition to the specific statutory methods. This rule applies whether the power be considered governmental or proprietary and is especially applicable where there are negative words in effect prohibiting the doing of the thing unless it is done in the manner prescribed. Even where, by express terms and provisions of a charter, a municipal corporation reserves to itself the right to exercise a power conferred by statute, which statute provides a specific and exclusive method of procedure for the exercise of such power, the corporation should exercise such power in accordance with the terms and conditions of the statute conferring it. Such statutory requirements for procedure, designed to prevent hasty legislation or to enforce publicity, are regarded as conditions precedent and must be strictly observed. "On the other hand, if the mode of exercising the power is not prescribed in the act or charter conferring it, or in some other statute, the power given generally includes the further power to employ such means or mode of procedure as is necessary for its exercise and to effectuate the purpose for which it is given. Accordingly, the city counsel or other governing body, may, in its discretion, exercise the power in any usual or appropriate manner that is lawful and reasonable, depending on the facts and circumstances of each particular case, or, as has been held, in the absence of a method prescribed by law, the municipal corporation may prescribe the manner of exercise of its powers, in which case they may be exercised in the manner so provided." Section 160 provides: "The governing body of a municipal corporation ordinarily can act only by ordinance or resolution. If the mode of the exercise of a power is not prescribed in the act or charter conferring the power or in some other statute, the power may be exercised by resolution as well as by ordinance or order, and, as has been held, mere administrative powers or ministerial acts may be exercised or authorized by resolution; as otherwise stated, acts of legislation which are to have continuing force and effect must be embodied in ordinances, while mere ministerial acts may be in the form of resolutions." The prescription for a city or town in enacting a permanent continuing rule of municipal government is by ordinance. Dunlap v. Williamson, Okl., 369 P.2d 631. A residence requirement for employees of a city or town is, by its very nature, legislation and not a mere ministerial act. To have continuing force and effect a residence requirement must be embodied in the ordinances of the city or town. It must be noted, however, that the newly enacted "Oklahoma Municipal Code" prohibits municipalities with a population of five thousand (5,000) or more from requiring their employees to reside therein. Title 11 O.S. 22-127 [11-22-127] (1977), provides: "The municipal governing body by ordinance may designate which appointed officers and employees shall reside within the municipality; but police officers, firefighters and other municipal employees need not be actual residents of the municipality where they are employed in municipalities of five thousand (5,000) population or more, according to the latest federal census." The above provision of the "Oklahoma Municipal Code" shall become effective on July 1, 1978. With reference to the constitutionality of an ordinance making residence within a city or town a mandatory condition of employment for employees of a municipality, we rely upon the recent Supreme Court decision in McCarthy v. Philadelphia Civil Service Commission, 424 U.S. 645, 9G S. Ct. 1154, 47 L.Ed.2d 366, wherein a Philadelphia municipal regulation requiring city employees to be residents of that city was held constitutional. To this same effect see Detroit Police Officers Association v. City of Detroit, 385 Mich. 519, 190 N.W.2d 97. A close reading of these cases, paying particular attention to their factual content, emphasizes the inherent problems which might be encountered by such legislation. It is, therefore, the opinion of the Attorney General that your question be answered as follows: Under 11 O.S. 22-127 [11-22-127] (1977), a municipality of less than five thousand (5,000) population may by a properly enacted ordinance require their employees to be residents of such municipality, but a municipality of five thousand (5,000) population or more may not impose such requirement. (MICHAEL JACKSON)