Daniel LORENZ, James Ponteau, George Bracey and Gilbert Burton, Plaintiffs-Appellants,

v.

Frank LOGUE, Edward U. Morrone, Kennedy Mitchell, Jay E. Bovilsky, Jonathan Einhorn, Vanessa Burns, Peter H. Feriola, Vincent C. Mauro, and The City of New Haven, Defendants-Appellees.

No. 464, Docket 79–7531.

United States Court of Appeals, Second Circuit.

Argued Nov. 15, 1979.

Decided Nov. 16, 1979.

---

Jackson T. King, New Haven, Conn. (Farren & King), New Haven, Conn., for plaintiffs-appellants.

Frederick W. Danforth, Jr., New Haven, Conn., for defendants-appellees.

Before KAUFMAN, Chief Judge, OAKES and SMITH, Circuit Judges.

PER CURIAM:

The appellants, four New Haven police officers, were, prior to October 30, 1978, employees of the New Haven Housing Authority Police Force. Funding for the Authority is provided in part by the federal government, and in part by grants from the City of New Haven. The Authority operates independently of the City, and its employees are paid through the Authority itself.

On October 30, 1978, the Housing Authority disbanded its police force. The City,

however, offered all Authority policemen the opportunity to apply for positions with the City. Appellants were specifically advised that New Haven Ordinance § 2–741, requires municipal employees hired after January 1, 1978 either to reside in the city or relocate there within six months. The Ordinance, however, permits employees hired before 1978 to reside in any of the six towns surrounding New Haven. The appellants, all of whom live outside the City, signed statements indicating they would relocate. Indeed, by accepting their new jobs, they were also subject to a reduction in salary, the loss of seniority, and forfeiture of certain accrued pension rights.

At a lengthy hearing before Judge Burns, appellants attempted to prove that they had in fact been City employees prior to their shift from the Authority to the City Police Force. They showed, *inter alia*, that they were inducted as Housing Authority policemen by the New Haven police chief, that they attended the City Police Academy, and that they booked arrested suspects at New Haven police stations. More significantly, a portion of their salary was paid by the City. The appellees responded with testimony that a number of private security agencies, most notably the Yale University Police, have similar privileges, except for the salary arrangements. Judge Burns granted appellees' motion to dismiss the constitutional claims, and, further, declined jurisdiction over appellants' "state law claim" that they were really pre-1978 employees because of their service with the Housing Authority. This appeal followed.

■ Initially, appellants claim the Ordinance burdens their constitutional right to travel. They rely upon cases holding that durational residency requirements interfere with the right to travel and impermissibly distinguish between longtime residents of a state or community and newcomers. *See, e.g., Shapiro v. Thompson,* 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969); *Memorial Hospital v. Maricopa County,* 415 U.S. 250, 94 S.Ct. 1076, 39 L.Ed.2d 306 (1974). But the Supreme Court has clearly rejected claims that the *continuing* residency requirements involved here, as opposed to *durational* residency requirements, unconstitu-

tionally infringe upon the right to travel. And, in *McCarthy v. Philadelphia Civil Service Commission,* 424 U.S. 645, 646, 96 S.Ct. 1154, 1155, 47 L.Ed.2d 366 (1976), the Court expressly upheld "the validity of a condition placed upon municipal employment that a person be a resident."

The appellants further contend that the Ordinance irrationally distinguishes pre- and post-1978 employees. When applying the so-called "rational basis" test, however, "statutory classifications will be set aside only if no grounds can be conceived to justify them." *McDonald v. Board of Election Commissioners,* 394 U.S. 802, 809, 89 S.Ct. 1404, 1408, 22 L.Ed.2d 739 (1969). The City has set forth a plethora of rational justifications for the residency requirement, including, *inter alia,* the City's declining tax base, the deterioration of New Haven neighborhoods, and the City's high unemployment rate. Far from being irrational, Judge Burns found, New Haven's distinction between pre- and post-1978 employees was "the least disruptive and most humane" method of implementing this clearly legitimate policy. By *not* applying it to pre-1978 employees who never received any warning of a residency requirement when they took their jobs, the City protected these employees' legitimate expectations. By contrast, the appellants were specifically advised of the Ordinance before they were hired.

Appellants also contend that their hearing before Judge Burns did not afford them an adequate opportunity to test the rationality of the City's policy. But, on the contrary, they have had the opportunity to develop a detailed factual record on this point. Nine witnesses were called at a two-day hearing and substantial documentary evidence was received. Thus, Judge Burns's judgment dismissing the complaint was appropriate under the circumstances.

Finally, appellants attempt to revive their state law claim by arguing that if they do not qualify as pre-1978 employees, the statutory classification is irrational. Regardless of the Connecticut courts' ultimate and authoritative interpretation of the Ordinance, it is certainly not irrational

for the City to refuse to classify as municipal employees members of an independent agency supported substantially by federal funds. The judgment below is affirmed.