**Glen GUTTU, Appellant,**

v.

**CITY OF EAST GRAND FORKS,**
**Minnesota, Respondent.**

**No. 50295.**

Supreme Court of Minnesota.

July 3, 1980.

Stephen L. Stennes, East Grand Forks, for appellant.

Myhre Drenckhahn & Williams and Harold G. Myhre, Warren, Robert A. Matt, East Grand Forks, for respondent.

Heard before OTIS, PETERSON and WAHL, JJ., and considered by the court en banc.

OTIS, Justice.

Appellant was discharged from his employment with defendant City of East Grand Forks solely because he no longer resided in the city as was required by a city civil service rule.[1] After a hearing the city's Civil Service Personnel Board affirmed his dismissal which the district court in turn affirmed on appeal. Appellant here claims the continuing residency requirement unconstitutionally infringes upon his right to travel and denies him equal protection of the laws.

We affirm.

Appellant Glen Guttu was employed on December 1, 1977, as a meter maintenance person by the Water and Light Department of the City of East Grand Forks, Minnesota. He was aware of the residency requirement and lived in East Grand Forks at that time but has resided in Grand Forks, North Dakota, since February 1978.

Appellant was given until June 1, 1978, to comply with the residency requirement. On July 18, 1978, he requested an additional thirty days and was granted until August 31, 1978. He failed to return to East Grand Forks, and was asked to resign on August 31, 1978, but refused to do so and was discharged the following day. His work was satisfactory in all respects and the dismissal was based solely on his non-compliance with the civil service rule.

In *Berg v. City of Minneapolis*, 274 Minn. 277, 143 N.W.2d 200 (1966), we upheld a similar residency requirement against challenges based on the equal protection and

---

1. The rule in issue was promulgated pursuant to East Grand Forks, Minnesota, Ordinance No. 152 (November 9, 1955), which provides for a civil service personnel system for the city. Rule 1.12 of East Grand Forks, Minnesota, Civil Service Rules (June 9, 1957), provides as follows: "All employees holding positions in the classified service, or upon appointment to such positions, shall be residents of the City of East Grand Forks, Minnesota."

due process guarantees of both the state and federal constitutions. We held that such requirements had a rational relationship to achieving the legitimate state interests of (1) enhancing community safety because resident employees are in a position to respond more quickly to emergency calls, (2) improving employee performance since the employee has a stake in the community, and (3) enhancing the tax base and local economy by recirculating the salary he earns through the taxes he pays and by the likelihood of his spending his income within the city.

The United States Supreme Court has upheld continuing residency requirements as a condition of employment against equal protection, due process, and right to travel challenges. In *Detroit Police Officers Ass'n v. City of Detroit*, 385 Mich. 519, 190 N.W.2d 97 (1971), the Michigan Supreme Court held that a requirement that police reside within the city they serve was constitutional under both the state and federal equal protection clauses. The United States Supreme Court dismissed the appeal for lack of a substantial federal question. *Detroit Police Officers Ass'n v. City of De-*

*troit*, 405 U.S. 950, 92 S.Ct. 1173, 31 L.Ed.2d 227 (1972).

In *McCarthy v. Philadelphia Civil Serv. Comm'n*, 424 U.S. 645, 96 S.Ct. 1154, 47 L.Ed.2d 366 (1976), the United States Supreme Court reaffirmed its decision in *Detroit Police* and held that such requirements do not unconstitutionally infringe upon a right to travel, stating "In this case appellant claims a constitutional right to be employed by the City of Philadelphia *while* he is living elsewhere. There is no support in our cases for such a claim." *Id.* at 646–47, 96 S.Ct. at 1155 (emphasis in original) (footnote omitted).

Although we question the wisdom of such residency requirements, we hold that municipalities may constitutionally enact such laws.

Affirmed.