Mr. Stephen W. Fisk Attorney Holiday Park Park and Recreation District 217 South Nassau Street Venice, Florida 33595
Dear Mr. Fisk:
This is in response to your request for an opinion on the following question:
 MAY THE HOLIDAY PARK, PARK AND RECREATION DISTRICT REJECT AN APPLICANT FOR EMPLOYMENT BASED SOLELY UPON HIS OR HER STATUS AS A RESIDENT OF HOLIDAY PARK, PARK AND RECREATION DISTRICT?
Holiday Park, Park and Recreation District is a special taxing district and political subdivision of the State of Florida established pursuant to Ch. 81-441, Laws of Florida, as amended by Ch. 82-380, Laws of Florida. Your letter of inquiry states that the district currently employs numerous individuals and that the district's governing board of trustees is considering employing only individuals who do not reside within the district for these positions. No information has been supplied to this office as to the reason or reasons for adopting such a policy.
Section 760.10(1), F.S., declares that it is an unlawful employment practice for an employer to fail or refuse to hire any individual "because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status." Section760.02(5) and (6), F.S., operates to include within the definition of "employer" any governmental entity or agency employing 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year. See also, s.112.042, F.S., providing in pertinent part that employment discrimination on the basis of race, color, national origin, sex, handicap, or religious creed by the governing body of any county, municipal agency, board, commission, department, or office "is against the public policy of this state." It does not appear that these statutes operate to make unlawful discrimination in employment by a governmental entity such as the Holiday Park, Park and Recreation District, based solely upon the residence of an applicant for employment. Cf., s. 112.021, F.S., prohibiting a Florida residency requirement for any person as a condition precedent to employment by any county except as expressly provided by law. While the issue of a governmental entity's right to discriminate in employment in favor of residents of a particular geographic area has been litigated with some frequency, my research fails to disclose any cases deciding the constitutionality of discrimination in employment by a governmental entity where such discrimination is against the residents of the geographical area over which the entity exercises jurisdiction solely on the basis of such residence. However, as a matter of constitutional law, the principles applicable to discrimination in favor of residents would appear to apply also to discrimination against residents, at least with respect to the level of scrutiny to be applied by a court for purposes of equal protection analysis.
In AGO 76-86, my predecessor in office concluded that the state may lawfully require residence within a given geographical area as a condition of public employment (subject to the restrictions of s. 112.021, F.S. 1975) so long as a rational basis exists for imposing such a requirement, and thus the state may lawfully give preference to bona fide Florida residents in the hiring of public employees. Among the numerous state and federal cases cited in support of the conclusion, the most significant is McCarthy v. Philadelphia Civil Service Commission, 424 U.S. 645, 646 (1976), in which the U.S. Supreme Court determined that a municipality's regulation requiring its employees to live in the city did not violate the employees' constitutional rights to travel interstate. The court noted that "a public agency's relationship with its own employees . . . may justify greater control than over the citizenry at large." Cf., In re Estate of Greenberg, 390 So.2d 40
(Fla. 1980); and Florida State Board of Dentistry v. Mick,361 So.2d 414 (Fla. 1978) (both citing to McCarthy v. Philadelphia Civil Service Commission, supra, in analyzing a claim of violation of the constitutional right to travel). It would appear that McCarthy v. Philadelphia Civil Service Commission, supra, remains an accurate statement of the law and that, in the absence of statutory restriction, a governmental entity may constitutionally reject an applicant for employment based solely upon his or her status as a resident or nonresident of a given geographical area so long as a rational basis exists for such discrimination. I am of the view that the same constitutional principles as discussed in McCarthy and in AGO 76-86 are applicable to the instant inquiry and that, accordingly, the Holiday Park, Park and Recreation District may reject an applicant for employment solely on the basis of his or her status as a resident of the district, so long as a rational basis exists for imposing such a restriction.
Finally, I would reiterate that you have not advised this office as to the reason or reasons for proposing such a policy. Thus, I can express no view as to whether there exists a rational basis for rejecting applicants for employment solely on the basis of residence within Holiday Park, Park and Recreation District. Although AGO 76-86 refers to several reasons for imposing a requirement of residence as to public employees, it would not appear that such reasons would operate to provide a rational basis for a requirement of nonresidence, nor can I speculate as to possible reasons which might be held by a court to constitute such a rational basis for purposes of sustaining the constitutionality of the proposed policy of employment discrimination against residents of the district. Cf., Minnesota v. Clover Leaf Creamery Co., 449 U.S. 456 (1981) (since legislation is presumptively valid, state is not required to convince court as to correctness of legislative judgment; rather, burden is on challenger to demonstrate that legislative classification is arbitrary and unreasonable).
In sum, and unless and until legislatively or judicially determined otherwise, I am of the view that the Holiday Park, Park and Recreation District may reject an applicant for employment based solely upon his or her status as a resident of Holiday Park, Park and Recreation District, provided that a rational basis exists for imposing such a restriction.
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General