831 F.2d 843
 1988 A.M.C. 1517, 56 USLW 2274
 INTERNATIONAL ORGANIZATION OF MASTERS, MATES & PILOTS;
Pacific Maritime Association, a labor
organization; Kurt K. Petrich; Robert
W. Seidman, et al.,
Plaintiffs-Appellants,
v.
Eleanor ANDREWS, Commissioner of Administration of the State
of Alaska; Richard J. Knapp, Commissioner of the Department
of Transportation and Public Facilities of the State of
Alaska; Martin Nusbaum, Director of Administrative Support
of the Division of Marine Highway Systems of the State of
Alaska; John Does II-X, officers of the State of Alaska,
Defendants-Appellees.
 No. 86-3727.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Jan. 7, 1987.
Decided Oct. 29, 1987.
 
 Richard S. Oettinger, Seattle, Wash., for plaintiffs-appellants Intern. Organization of Master, Mates & Pilots, and Pacific Maritime Ass'n.
 Kelby D. Fletcher, Seattle, Wash., for plaintiffs-appellants Petrich, et al.
 Jam Hart DeYoung, Anchorage, Alaska, for defendants-appellees Andrews, et al.
 Appeal from the United States District Court for the District of Alaska.
 Before WRIGHT, FARRIS and BEEZER, Circuit Judges.
 BEEZER, Circuit Judge:
 
 
 1
 The International Organization of Masters, Mates & Pilots (IOMM & P) and members of the Inland Boatman's Union (the Petrich plaintiffs) appeal from judgment upholding an Alaska statute granting cost of living wage adjustments to resident, but not nonresident employees of the Alaska Marine Highway System (AMHS). The district judge held that AS 23.40.210 does not violate the Privileges and Immunities Clause, the right to travel, the Commerce Clause, or the Equal Protection Clause. We affirm.[1]
 
 
 2
 * Background
 
 
 3
 The State of Alaska owns and operates the Marine Highway System. AMHS vessels call regularly at Seattle. The AMHS is the only surface transportation connecting many communities along the Alaska coast. The IOMM & P represents deck officers employed by AMHS. Kurt Petrich and other named plaintiffs in this action are employed as deck hands for AMHS and are represented by the IBU. The IBU is not a party to this action. Both the IOMM & P and the Petrich plaintiffs (hereafter collectively referred to as "Appellants") include Washington resident employees of AMHS.
 
 
 4
 Alaska Statute 23.40.210 requires that every labor agreement between public employers in Alaska and any labor organization provide that wages of nonresident employees not increase until the difference between wages paid to residents and wages paid to nonresidents "reflects the difference between the cost of living in Alaska and living in Seattle, Washington." The purpose of AS 23.40.210 is to encourage Alaska residents to seek employment with AMHS. AS 23.40.210 has been incorporated into current labor agreements between AMHS and the IOMM & P and AMHS and the IBU.
 
 
 5
 Appellants sued under 42 U.S.C. Sec. 1983 for declaration that AS 23.40.210 and corresponding provisions of labor agreements violated the Privileges and Immunities Clause of Article IV, the right to travel, the Commerce Clause, and the Equal Protection Clause.[2] The district court upheld AS 23.40.210 against the constitutional challenges. Int'l Org. of Masters, Mates & Pilots v. Andrews, 626 F.Supp. 1271 (D.Alaska 1986).
 
 II
 Jurisdiction and Standard of Review
 
 6
 The district court had jurisdiction under 28 U.S.C. Sec. 1343. We have jurisdiction under 28 U.S.C. Sec. 1291. This appeal presents mixed questions of fact and constitutional law. We review the district court's determinations de novo. ACORN v. City of Phoenix, 798 F.2d 1260, 1263 (9th Cir.1986)
 
 III
 Analysis
 
 7
 Appellants claim that AS 23.40.210 violates the Privileges and Immunities Clause of Article IV, Section 2, the Commerce Clause, and the right to travel as embodied in the Constitution. We address each argument in turn.
 
 A. Privileges and Immunities
 
 8
 Article IV, Section 2, Clause 1 of the Constitution provides that "Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States." The purpose of this clause is,
 
 
 9
 to place the citizens of each State upon the same footing with citizens of other States, so far as the advantages resulting from citizenship in those States are concerned. It relieves them from the disabilities of alienage in other States; it inhibits discriminating legislation against them by other States; it gives them the right of free ingress into other States, and egress from them; it insures to them in other States the same freedom possessed by the citizens of those States in the acquisition and enjoyment of property and in the pursuit of happiness; and it secures to them in other States the equal protection of their laws. It has been justly said that no provision in the Constitution has tended so strongly to constitute the citizens of the United States one people as this. Hicklin v. Orbeck, 437 U.S. 518, 524, 98 S.Ct. 2482, 2486-87, 57 L.Ed.2d 397 (1977) (quoting Paul v. Virginia, 8 Wall. 168, 180, 19 L.Ed. 357 (1869)).
 
 
 10
 This clause seeks to ensure the unity of the several states by protecting those interests of nonresidents which are " 'fundamental' to the promotion of interstate harmony." United Bldg. and Constr. Trades Council v. City of Camden, 465 U.S. 208, 218, 104 S.Ct. 1020, 1028, 79 L.Ed.2d 249 (1984). 42 U.S.C. Sec. 1983 embodies individual rights cognizable under this provision.
 
 
 11
 To assess the appellants' privileges and immunities claim we determine first whether AS 23.40.210 burdens such fundamental rights. Camden, 465 U.S. at 218, 104 S.Ct. at 1027. If it does, we determine next whether the state's reason for discriminating between residents and nonresidents is "substantial" and "whether the degree of discrimination bears a close relation to [that reason.]" Camden, 465 U.S. at 222, 104 S.Ct. at 1029.
 
 
 12
 The appellants claim that AS 23.40.210 burdens their interest in pursuing employment with AMHS. A nonresident's right to "ply [a] trade, practice [an] occupation, or pursue a common calling within the State" is a fundamental right protected by the privileges and immunities clause. Hicklin, 437 U.S. at 524, 98 S.Ct. at 2487. However, whether public employment is a fundamental right within the Privileges and Immunities Clause remains unsettled. Camden, 465 U.S. at 219-20, 104 S.Ct. at 1028-29.
 
 
 13
 We need not decide the question whether public employment is subject to the requirements of the Privileges and Immunities Clause because the appellants have not shown that they are prevented or discouraged by the State from pursuing employment with AMHS. Unlike state practices which have been struck down, the Alaska statute does not limit the number of nonresident workers, Camden, 465 U.S. 208, 104 S.Ct. 1020, 79 L.Ed.2d 249 (1984), favor the hiring of Alaskan workers, Hicklin, 437 U.S. 518, 98 S.Ct. 2482, 57 L.Ed.2d 397 (1977), or make employment with AMHS unprofitable for nonresidents. Toomer v. Witsell, 334 U.S. 385, 68 S.Ct. 1156, 92 L.Ed.2d 1460 (1948). In fact, AS 23.40.210 enhances nonresidents' prospects for employment by making nonresident labor less expensive and more attractive than competing resident labor.
 
 
 14
 Furthermore, the appellants have not shown that AS 23.40.210 undermines interstate comity and economic unity that the clause was designed to engender. See, e.g., Camden, 465 U.S. at 218, 104 S.Ct. at 1027. This statute, designed to provide equity between the wages of Alaskan and non-Alaskan workers, is not one which pressures other states to legislate or retaliate in response. See Austin v. New Hampshire, 420 U.S. 656, 666-67, 95 S.Ct. 1191, 1198-99, 43 L.Ed.2d 530 (1975). The Alaska statute in no way interferes with interstate relations or with the freedom of nonresidents to seek employment with or residence in Alaska.
 
 B. Right to Travel
 
 15
 Appellants claim that AS 23.40.210 burdens the rights of both residents and nonresidents to travel. Although the source of the right to travel is obscure, it is protected by the Equal Protection Clause of the Fourteenth Amendment. Zobel v. Williams, 457 U.S. 55, 60 n. 6, 102 S.Ct. 2309, 2312 n. 6, 72 L.Ed.2d 672 (1981) (The "right to travel analysis refers to little more than a particular application of equal protection analysis.")
 
 
 16
 Nonresident employees do not have standing to challenge AS 23.40.210 based on their right to travel because their freedom to leave Seattle is not affected by the statute. Only one of the Petrich plaintiffs, David Lisle, has standing to assert that AS 23.40.210 violates his right to travel. Lisle is the only resident appellant who has sworn that he "would like to live elsewhere [than Alaska], but [has] avoided moving in large part due to the wage differential required by statute and the collective bargaining agreement." See Village of Arlington Heights v. Metropolitan Housing Dev. Corp., 429 U.S. 252, 264, 97 S.Ct. 555, 563, 50 L.Ed.2d 450 (1977) (standing requires a showing of "at least a substantial probability" that the relief sought would remedy the alleged injury.)
 
 
 17
 The Supreme Court has held that states may not violate the constitutional right to travel by conditioning public benefits or political rights on a term of residency. See, e.g., Zobel, 457 U.S. 55, 102 S.Ct. 2309, 50 L.Ed.2d 450 (1982) (invalidating Alaska's dividend distribution plan based on years of residency); Dunn v. Blumstein, 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972) (invalidating residency requirement for voting); Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969) (invalidating residency requirement for welfare benefits); Memorial Hosp. v. Maricopa County, 415 U.S. 250, 94 S.Ct. 1076, 39 L.Ed.2d 306 (1974) (invalidating residency requirements for indigent medical care); Attorney General v. Soto-Lopez, 476 U.S. 898, 106 S.Ct. 2317, 90 L.Ed.2d 899 (1986) (invalidating veteran hiring preference based on residence at time of military service). However, states may condition nonessential benefits and rights, such as lower college tuition, Vlandis v. Kline, 412 U.S. 441, 93 S.Ct. 2230, 37 L.Ed.2d 63 (1973), and dissolution of marriage, Sosna v. Iowa, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975), on a term of residency without violating the Equal Protection Clause.
 
 
 18
 States also may impose a "bona fide residence requirement" to ensure that its services and benefits go to actual residents of the state.
 
 
 19
 A bona fide residence requirement, appropriately defined and uniformly applied furthers the substantial state interest in assuring that services provided for its residents are enjoyed only by residents.... It does not burden or penalize the constitutional right of interstate travel, for any person is free to move to a State and to establish residence there. A bona fide residence requirement simply requires that the person does establish residence before demanding the services that are restricted to residents. Martinez v. Bynum, 461 U.S. 321, 103 S.Ct. 1838, 75 L.Ed.2d 879 (1983); see also McCarthy v. Philadelphia Civil Service Comm'n, 424 U.S. 645, 96 S.Ct. 1154, 47 L.Ed.2d 366 (1976)
 
 
 20
 We need not decide whether AS 23.40.210 is a bona fide residency requirement, because the appellants' claim does not involve an essential benefit or political right. For the purposes of the Equal Protection Clause, public employment is not a fundamental right. Camden, 465 U.S. at 219, 104 S.Ct. at 1028 (citing Massachusetts Board of Retirement v. Murgia, 427 U.S. 307, 313, 96 S.Ct. 2562, 2566, 49 L.Ed.2d 520 (1976) (per curiam )). AS 23.40.210, therefore, must be "rationally related" to the end of attracting Alaskan residents to work for AMHS. We find that the Alaska statute is rationally related to that end.
 
 C. The Commerce Clause
 
 21
 Appellants claim that AS 23.40.210 violates the Commerce Clause (Article 1, Sec. 8). The district court assumed subject matter jurisdiction over the Commerce Clause claims and granted judgment for defendants on the merits. We hold that the court had no jurisdiction to consider the appellants' Commerce Clause claims. Although the district court did not discuss the basis for its jurisdiction, appellants suggest three possibilities; 28 U.S.C. Secs. 1343 (civil rights), 1331 (federal question), and 1333 (admiralty).
 
 
 22
 We hold that appellants state no cause of action directly under the Commerce Clause, regardless of the relief sought. The purpose of the Commerce Clause is allocation of power between state and national governments, not protection of individuals from abuse of government authority. White Mountain Apache Tribe v. Williams, 810 F.2d 844, 849 (9th Cir.1985), cert. denied, --- U.S. ----, 107 S.Ct. 940, 93 L.Ed.2d 990 (1987). The Commerce Clause creates no individual rights. Other clauses of the Constitution, such as the Due Process and Equal Protection Clauses, protect persons and are appropriate vehicles for vindication of individual rights. The appellants have no cause of action under the Commerce Clause within section 1343 or section 1331.
 
 
 23
 We must also reject the appellants' assertion that this case arises under the federal courts' admiralty jurisdiction, 28 U.S.C. Sec. 1333. Nothing in section 1333 suggests that federal courts should more readily infer existence of a cause of action under the Commerce Clause when parties engage in shipping rather than in other activities.
 
 IV
 Conclusion
 
 24
 AS 23.40.210 does not violate the Privileges and Immunities Clause or the right to travel as embodied in the Constitution. Appellants state no cause of action directly under the Commerce Clause or under section 1983 for Commerce Clause violations. The portion of the district court opinion considering the merits of appellants' Commerce Clause claims is vacated. The portion of the opinion considering appellants' Privileges and Immunities and right to travel claims is affirmed.
 
 
 25
 AFFIRMED IN PART AND VACATED IN PART.
 
 
 
 [1]
 The Petrich plaintiffs also challenge a provision in the IBU-AMHS labor agreement requiring AMHS employees to commence and terminate work shifts at Alaskan ports. AS 19.65.010. Alaska repealed AS 19.65.010 in 1982. See 1982 Alaska Sess. Laws, ch. 59 Sec. 52. We agree with the district court that repeal of AS 19.65.010 renders unnecessary consideration of constitutional challenges to either the statute or the corresponding provision in the IBU-AMHS labor agreement. See Int'l Org. of Masters, Mates & Pilots v. Andrews, 626 F.Supp. 1271 n. 1 (D.Alaska 1986)
 
 
 [2]
 Appellants do not press the Equal Protection claim on appeal