The Honorable W. R. "Bud" Rice State Representative P.O. Drawer "H" Waldron, AR 72958
Dear Representative Rice:
This is in response to your request for an opinion regarding Scott County Ordinance No. 90-14. The ordinance limits the use of county vehicles and prohibits county employees from living outside Scott County, Arkansas. You have asked whether the ordinance applies to persons working for the county and living outside of Scott County at the time of passage of the ordinance. You have also asked whether the ordinance is constitutionally sound.
The ordinance makes no distinction between new applicants and current employees, nor does it contain what it commonly referred to as a "grandfather clause," or a proviso exempting those employed by the county prior to the effective date of the ordinance. It thus appears, in the absence of an alternative expression of legislative intent, that the ordinance applies to those working for the county and living outside of Scott County at the time of its passage.
This is not to say, however, that the ordinance will necessarily be successfully enforced against such persons. A contractual bar may, for instance, be raised in defense of an employee, depending upon the particular terms of his or her employment. In other words, an employee may be able to successfully contend that this restriction was not part of the original employment agreement with the county and that the original agreement cannot be impaired. This is, however, a factual question to be addressed on a case by case basis. and thus not properly within the scope of an Attorney General opinion.
With regard to the question of constitutionality. it is my opinion that the ordinance is, in all likelihood, constitutional on its fact. See, e.g., McCarthy v. Philadelphia Civil Service Commission, 424 U.S. 645 (1976) (upholding municipal regulation imposing residency requirement on all civil service employees.) It may be successfully contended that the residency requirement bears a rational relationship to the legitimate governmental purpose of ensuring the ready availability of trained personnel in emergency situations. However, the application of this ordinance may pose constitutional problems. For instance, some county employees, may occupy positions in which they would be constantly on "call" for emergencies, i.e., law enforcement officials, while other county employees might not, in practice, ever be "subject to emergency calls" as contemplated by Section 2 of the ordinance. Certainly, an ordinance more narrowly drafted to reflect these differences in positions might more easily withstand challenge. Ultimately, issues will require consideration of the particular position(s) in question.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.