In the
United States Court of Appeals
For the Seventh Circuit

No. 00-2651

JOHN B. KIEL,

Plaintiff-Appellant,

v.

CITY OF KENOSHA, NICK E. ARNOLD,
CHUCK GRAPENTINE, and JOSEPH KISER,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 00 C 782--John W. Reynolds, Judge.

Argued NOVEMBER 7, 2000--Decided DECEMBER 8, 2000

Before BAUER, COFFEY, and EASTERBROOK,
Circuit Judges.

COFFEY, Circuit Judge.  On May 30, 2000,
John Kiel, a firefighter employed by the
City of Kenosha, Wisconsin, filed a
complaint under 42 U.S.C. sec. 1983
alleging that the City's residency
requirement violated the equal protection
clause of the Fourteenth Amendment./1
Kiel also filed a motion for a
preliminary injunction requesting that
the court enjoin the defendants from
enforcing the residency requirement. The
trial court denied Kiel's motion for a
preliminary injunction, concluding that
the plaintiff had very little chance of
success on the merits. Kiel filed an
interlocutory appeal, and we affirm./2

   The facts of this case are
straightforward. Kiel and his fiancee
wanted to buy a house in Racine County
and live there but could not because, as
a Kenosha firefighter, Kiel was required
to reside in Kenosha County. On May 19,
2000, Kiel, despite the residency
requirement, made an offer on a house in
Caledonia, Wisconsin, which is in an
adjacent county known as Racine County,
and sought a waiver of the residency

requirement from the City Administrator, Nick Arnold./3 On May 22, 2000, Kiel sent another letter to Arnold informing him that Kiel's offer to purchase the Caledonia property was accepted, but was contingent on Kiel's ability to obtain a waiver of the residency requirement. In a joint letter, Kiser and Grapentine denied Kiel's request for a waiver of the residency requirement. In a separate letter, Arnold also denied Kiel's request. Instead of accepting the City's decision, Kiel brought this suit and sought a preliminary injunction barring the enforcement of the residency requirement. As stated above, the trial judge denied the motion for a preliminary injunction, holding that Kiel had little chance of succeeding on the merits of his claim. Kiel appeals.

The sole issue on appeal is whether the trial judge acted correctly in denying Kiel's preliminary injunction motion. In reviewing a denial of a preliminary injunction, we review the district court's findings of fact for clear error, its balancing of the factors for a preliminary injunction under the abuse of discretion standard, and its legal conclusions de novo. Platinum Home Mortgage Corp. v. Platinum Fin. Group, Inc., 149 F.3d 722, 726 (7th Cir. 1998). In assessing whether a preliminary injunction is warranted, a court must consider whether the party seeking the injunction has demonstrated that: 1) it has a reasonable likelihood of success on the merits of the underlying claim; 2) no adequate remedy at law exists; 3) it will suffer irreparable harm if the preliminary injunction is denied; 4) the irreparable harm the party will suffer without injunctive relief is greater than the harm the opposing party will suffer if the preliminary injunction is granted; and 5) the preliminary injunction will not harm the public interest. Id./4 As the district court concluded, Kiel has so little chance of success on the merits of his case that the granting of a preliminary junction in this instance would be inappropriate.

Initially, the Supreme Court, in McCarthy v. Philadelphia Civil Service Commission, 424 U.S. 645 (1976) and Detroit Police Officers Ass'n v. City of Detroit, 405 U.S. 950 (1972), recognized the right of municipalities to condition

employment with continued residency in the city. See also Joel E. Smith, Validity, Construction, and Application of Enactments Relating to Requirement of Residency Within or near Specified Governmental Unit as Condition of Continued Employment for Policemen or Firemen, 4 ALR 4th 380 (1981). As the parties stipulated at oral argument, the City of Kenosha could have enacted an even more stringent residency requirement; that is, one which required its firefighters to live within the city limits of Kenosha rather than within the parameters of Kenosha County.

The appellant attempts to get around this concession by arguing that the requirement that Kenosha firefighters reside in Kenosha County irrationally distinguishes between those individuals who wish to live outside the county and those who wish to live inside Kenosha County. Kiel further contends that the distinction is irrational because the residence he wishes to purchase in Racine County is actually closer to the City of Kenosha than are some of the residences where he could reside within the limits of Kenosha County. However, when applying the "rational basis" test, "statutory classifications will be set aside only if no grounds can be conceived to justify them." McDonald v. Board of Election Commissioners, 394 U.S. 802, 809 (1969). The City has set forth a plethora of rational justifications for the residency requirement, including improving the City's tax base, increasing interest and participation in Kenosha City and County events, and providing services (through more revenue) which benefit Kenosha City and County residents. Examples of such benefit are, according to the City,

(a) The County and City fund joint services, such as dispatch, jail and evidence retention;

(b) The City and County share a tactical squad which consists of employees of the City Police Department and the County Sheriff's Department;

(c) The City discontinued its Health Department and entered into an agreement through which the County provides health services to the City. The County has the authority to adopt and enforce health-related ordinances in the City;

    (d) The County contributes to the operation of the City's Hazardous Response Team;

    (e) From time to time, the City and County enter into cost sharing agreements relating to the construction of roads within the City.

We are of the opinion that these reasons are more than sufficient to provide a rational basis for the City's residency requirement.

    It is important to note that all interested parties agree that the City of Kenosha could constitutionally require its firefighters to live within the limits of the City. Given that the City could constitutionally restrict its employees to an area as small as the City of Kenosha, it is obviously constitutional for the City to require its employees to live in Kenosha County, a much larger geographical area. Furthermore, the residency requirement has been uniformly applied to all the City's firefighters and no waiver has ever been granted. Fifty-two out of fifty-three fire department employees reside in Kenosha County. The one Kenosha firefighter who is living outside Kenosha County is doing so because of a family medical situation. However, the firefighter has never received a waiver of the residency requirement and is subject to a pending enforcement action. Therefore, Kiel cannot (and does not) claim that the city discriminated against him in its application of its residency requirement.

    Given that Kiel's chances of succeeding on the merits of his claim are so minimal as to be almost non-existent, we agree with the trial judge and affirm the denial of Kiel's motion for a preliminary injunction. Kiel will still have his day in court (this was only the denial of a preliminary injunction, not a grant of summary judgment), but his case is extremely weak.

    The decision of the district court is

AFFIRMED.


/1 In 1998, the City of Kenosha entered into a

collective bargaining agreement (CBA) with the International Association of Fire Fighters, Local #414. The CBA, which is still in effect, requires firefighters to reside in Kenosha County:

Personnel of the Fire Department shall reside within Kenosha County. Any man/woman appointed to the department and not residing within the aforementioned county upon appointment must do so prior to the completion of the probationary period.

/2 This court has jurisdiction pursuant to 28 U.S.C. sec. 1292(a)(1), which states:

(a) Except as provided in subsections (c) and (d) of this section, the courts of appeals shall have jurisdiction of appeals from:

(1) Interlocutory orders of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court.

/3 Kiel also sent copies of his letter to Chuck Grapentine, the City's personnel director, Joseph Kiser, the fire chief, and Matt Loewen, the president of Kiel's Union.

/4 The purpose of a preliminary injunction is to minimize the hardship to the parties pending resolution of their lawsuit or arbitration. Platinum, 149 F.3d at 726; Sauer-Getriebe KG v. White Hydraulics, Inc., 715 F.2d 348, 351 (7th Cir. 1983).