**NEWPORT INDEPENDENT SCHOOL DISTRICT/NEWPORT BOARD OF EDUCATION; and Michael Brandt, Superintendent, Newport Independent School District, Appellants,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2008–CA–001615–MR.

Court of Appeals of Kentucky.

July 24, 2009.

Discretionary Review Denied by Supreme Court Jan. 13, 2010.

Brandon N. Voelker (argued), Cold Spring, KY, Stephen D. Wolnitzek, Covington, KY, for appellants.

Jack Conway, Attorney General of Kentucky, Stuart W. Cobb (argued), Assistant Attorney General, Frankfort, KY, for appellee.

Before ACREE and LAMBERT, Judges; HARRIS,[1] Senior Judge.

## OPINION

HARRIS, Senior Judge (Assigned).

The Newport Independent School District, Newport Board of Education, and Superintendent Michael Brandt (Appellants) appeal from an order entered on July 25, 2008, in Campbell Circuit Court upholding the constitutionality of KRS 160.350(2) and dismissing the Appellants' declaratory judgment petition. The Appellants claim that KRS 160.350(2) violates the United States and Kentucky Constitutions in two ways: (1) by impermissibly restricting the fundamental right to travel; and (2) by violating the equal protection clauses. After careful review, we affirm.

## BACKGROUND

The facts pertinent to disposition of this appeal are not disputed, and the procedural history is not complex.

The Newport Independent School District entered into a contract with appellant Michael Brandt, an Ohio resident, to serve as the district's superintendent. After Brandt took office, the Kentucky Office of Education Accountability issued an investigative report stating that Brandt violated KRS 160.350(2) because he was not a Kentucky resident. KRS 160.350(2) states in pertinent part, "Following the appointment, the superintendent shall establish residency in Kentucky."

The Appellants petitioned the Campbell Circuit Court for a declaration of rights contesting the constitutionality of the statute. The Commonwealth of Kentucky filed a motion to dismiss. On July 25, 2008, the trial court entered its order up-

---

1. Senior Judge William R. Harris sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

holding the statute as constitutional, granting the Commonwealth's motion, and dismissing the Appellants' declaratory judgment petition. This appeal follows.

## ANALYSIS

### I—Right to Travel and Migrate

■ First, the Appellants claim that KRS 160.350(2) permanently deprives citizens of the fundamental right to travel and migrate by forcing superintendents to establish a permanent residency in Kentucky. The Appellants argue that the trial court did not recognize that a fundamental right was at stake. Our review of the trial court's order, however, shows that the trial court recognized the Appellants' arguments but did not agree that the statute encroached upon the right to travel. We agree with the trial court's analysis.

■ It is well settled that citizens are guaranteed the rights to travel and migrate under both the United States Constitution and the Kentucky Constitution. Ky. Const. § 24; *Dunn v. Blumstein*, 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972). In *Shapiro v. Thompson*, the United States Supreme Court described these rights as, "to migrate, resettle, find a new job, and start a new life...." 394 U.S. 618, 629, 89 S.Ct. 1322, 1328, 22 L.Ed.2d 600 (1969) *overruled in part on other grounds by Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).

The question of whether a state's residency requirement violates those rights has also been addressed by the United States Supreme Court. In *Shapiro*, the Court considered whether residency requirements for welfare benefits violated the ability to travel or migrate. *Id.* at 636, 89 S.Ct. 1322. The Court found that residency requirements can be distinguished from durational residency rules, that is, rules establishing a one-year, or waiting period, residency requirement. *Id.* at 631, 89 S.Ct. 1322. The Court found that only the waiting period requirement is unconstitutional and that requirements of residency alone do not impinge on the right to travel. *Id.* at 629, 89 S.Ct. 1322.

The *Shapiro* analysis was also followed in *McCarthy v. Philadelphia*, where the United States Supreme Court found that residency requirements for municipal employees do not violate the right to interstate travel. *McCarthy v. Philadelphia Civil Service Commission*, 424 U.S. 645, 647, 96 S.Ct. 1154, 1155, 47 L.Ed.2d 366 (1976).[2]

Following the Supreme Court's reasoning, we conclude that KRS 160.350(2) imposes a permissible residency requirement. There is no requirement that a candidate for superintendent must have been a Kentucky resident for a certain number of years. Instead, Kentucky residency is imposed as a condition of employment that can occur after hiring. Requiring the superintendent to reside in Kentucky after he is appointed is not an improper restraint upon Brandt's right to travel and migrate.

### II—Equal Protection

■ Second, the Appellants claim that KRS 160.350(2) violates the Equal Protection clauses of both the United States Constitution and the Kentucky Constitution. The Appellants claim that out-of-state residents are a suspect class that warrants a review of high scrutiny. We disagree.

■ Public employment of any kind cannot be denied solely on the basis of an

---

**2.** The Appellants argue that *McCarthy* is inapplicable because that case involves municipal employees whereas the case at hand concerns state employees. Although the facts are not identical, *McCarthy* is certainly analogous here.

unconditional discriminatory classification. *Wieman v. Updegraff,* 344 U.S. 183, 73 S.Ct. 215, 97 L.Ed. 216 (1952). Further, classifications based upon alienage, nationality, or duration of residence have been held to be inherently suspect and therefore unconstitutional unless the public body making the classification can demonstrate that the classification is necessary to promote a compelling governmental interest. *Johnson v. Dixon,* 501 S.W.2d 256, 257 (Ky.1973).

■ Government classifications that do not target suspect classes or fundamental interests are subject only to rational basis review. *Kadrmas v. Dickinson Public Schools,* 487 U.S. 450, 108 S.Ct. 2481, 101 L.Ed.2d 399 (1988). Although a residency requirement is involved, none of the aforementioned criteria appears in this case because there is no durational residency requirement. Neither nonresidents of Kentucky nor persons seeking to be superintendents of Kentucky school districts comprise suspect classes. Consequently, the residency requirement imposed by KRS 160.350(2) is subject only to a rational basis review rather than the more stringent compelling governmental interest review.

■ The Commonwealth argues that a Kentucky resident would have a better comprehension of Kentucky's educational needs. We agree with the trial court that this is a rational basis for Kentucky's requirement that superintendents live in Kentucky and that the statute does not deny appellant Michael Brandt equal protection of the law.

Accordingly, we affirm the Campbell Circuit Court order.

ALL CONCUR.