ORDER
Illinois prisoner Willis Baird, a former police officer, is incarcerated at the Lawrence Correctional Center. Baird has sued several Lawrence employees under 42 U.S.C. § 1983, claiming in part that they failed to protect him from a cellmate’s assault. In that litigation, which remains pending, Baird sought a preliminary injunction that- would compel his transfer to a different prison or placement in protective custody. The district court declined that preliminary relief, and Baird filed this interlocutory appeal challenging the court’s ruling. But he did not show that he likely would suffer irreparable harm without the injunction, so we uphold the district court’s decision.
According to Baird, his experience as an undercover police officer first placed him in danger in June 2012 while he was at Hill Correctional Center. Two inmates there had learned he was an ex-police officer and confronted him with that knowledge. Baird immediately told a guard and was placed in isolation for 30 days. He was then transferred to Lawrence, but so were the two inmates who had confronted him. Baird, concerned that these inmates were disclosing his past to others at Lawrence, began submitting grievances requesting protective custody. Those requests were denied.
In March 2013 Baird’s cellmate at Lawrence, Chauntee Meeks, attacked him with a plastic stool, choked him, and punched him after discovering Baird’s former occupation. Baird asserts that this attack left him with a broken nose; cuts on his left shoulder, arm, and leg; a stiff neck; and “two big lumps” on his head. Baird and Meeks were separated, and Baird was placed in segregation for fighting .back. He still felt unsafe and renewed his requests for protective custody, which prison administrators continued to deny. Baird also received an April 2013 letter from another Lawrence inmate, Stephen Couch, saying that legal documents intended for Baird and identifying him as a former undercover police officer had been misdirected to Couch. Couch noted that he did not like undercover cops and that some inmates might try to kill Baird if they found out about his past profession. But Couch promised to keep this information *570 quiet, though he did request Baird’s help with his own civil-rights suit.
Shortly after Baird was released from segregation into the general population, he filed his § 1983 action and the request for a preliminary injunction. The district court referred that motion to a magistrate judge who, after convening an evidentiary hearing, recommended that it be denied. • The magistrate judge reasoned that ordering Baird’s transfer to a different prison would be “overly broad and intrusive” arid that the possibility of irreparable harm was too speculative even to warrant protective custody. The district court adopted the magistrate judge’s recommendation over Baird’s objections, adding that granting the motion “would effectively make protective custody status for inmates known by anyone to be former police officers a constitutional norm.”
On appeal Baird maintains that the district court abused its discretion in denying a preliminary injunction. But to obtain relief, Baird was required to show that he would suffer irreparable harm during the pending lawsuit absent this extraordinary remedy, see Girl Scouts of Manitou Council, Inc. v. Girl Scouts of USA, Inc., 549 F.3d 1079, 1086 (7th Cir.2008); Ind. Civil Liberties Union v. O’Bannon, 259 F.3d 766, 770 (7th Cir.2001), and he did not do so. Meeks is the only inmate at Lawrence who ever presented a threat to Bail'd, and he was separated from Baird after the attack and no longer is incarcerated at Lawrence. And though Couch did learn of Baird’s past profession, he assured Baird in his letter that he “will never tell anyone” that Baird was a police officer. Moreover, Baird testified that because he and his cellmate (at the time of the eviden-tiary hearing) shared the same religion, he was “maybe out of harm’s way being in that cell with him.” Baird’s contention that he is at risk of attack from any other of the more than 2,000 inmates at Lawrence, without more, was too speculative to warrant relief. See Michigan v. U.S. Army Corps of Eng’rs, 667 F.3d 765, 788 (7th Cir.2011); E. St. Louis Laborers’ Local 100 v. Bellon Wrecking & Salvage Co., 414 F.3d 700, 704-06 (7th Cir.2005).
Because Baird did not show that he likely would suffer irreparable harm without preliminary relief, we need not address the remaining criteria for a preliminary injunction. See Kiel v. City of Kenosha, 236 F.3d 814, 817 (7th Cir.2000); Thornton v. Barnes, 890 F.2d 1380, 1390 (7th Cir.1989).
AFFIRMED.