966 F.2d 1442
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In Re: Richard ENGRAM, Jr., Appellant,
Loretta HOWARD, Administratrix of the Estate of Lorenza C.
Howard, deceased, Plaintiff,
v.
NATIONAL LABOR RELATIONS BOARD, Defendant-Appellee.
 No. 91-1722.
 United States Court of Appeals,
Fourth Circuit.
 Argued: February 3, 1992
Decided: June 2, 1992
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert J. Staker, District Judge. (CA-88-424-3)
 Argued: Richard Engram, Jr., Welch, West Virginia, for Appellant.
 Mark Gisler, National Labor Relations Board, Washington, D.C., for Appellee.
 On Brief: Jerry M. Hunter, General Counsel, D. Randall Frye, Acting Deputy General Counsel, Eric G. Moskowitz, Deputy Assistant General Counsel for Special Litigation, National Labor Relations Board, Washington, D.C., for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before PHILLIPS and MURNAGHAN, Circuit Judges, and OSTEEN, United States District Judge for the Middle District of North Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 The case at bar stems from tortuous litigation involving the National Labor Relations Board ("NLRB"), filed by Loretta Howard ("Howard") and her attorney Richard Engram, Jr. ("Engram"). Engram seeks review of several orders issued by the district judge that, inter alia, (1) hold Howard and Engram in civil contempt of court for refusing to obey the court's order compelling them to answer certain interrogatories propounded by the NLRB, (2) bar Engram from practicing law before the Southern District of West Virginia until Engram either answers the interrogatories propounded by the NLRB or files an application for reinstatement ten months after the date of the court order, and (3) stayed other pending matters involving Howard and Engram then before the Southern District of West Virginia.
 
 
 2
 The NLRB, on July 8, 1991, moved to dismiss the present appeal on the grounds that, with regard to Howard, the appeal was not yet ripe and that, with regard to Engram, he has failed to file timely a notice of appeal on his own behalf. We ordered, on September 5, 1991, that Howard's appeal be dismissed without prejudice as premature. We deferred decision on whether Engram's appeal was properly filed, pending full briefing of the merits of Engram's appeal, and we now address the question.
 
 
 3
 Howard, the administratrix of the Estate of Lorenzo C. Howard, had brought a wrongful death action seeking recovery for the death of her husband in a coal mine. In conjunction with that suit, Howard and her attorney, Engram, filed as an exhibit a confidential NLRB Internal Advice Memorandum (the "Memorandum"). The NLRB, not a party to the suit, filed an intervention motion, seeking to intervene for the sole purpose of striking and recalling the NLRB's document. The district court permitted the intervention. Subsequently, the NLRB propounded a set of interrogatories concerning the circumstances whereby Howard and Engram had obtained the confidential Memorandum, purportedly for the purpose of determining if a waiver of confidentiality had occurred. Howard and Engram refused to answer the interrogatories and sought a protection order. The district court denied the protection order and issued an order compelling Howard and Engram to respond to the interrogatories. When Howard and Engram failed to respond, the district court held Engram in contempt of court.
 
 
 4
 Subsequently, Howard filed a second suit, this time against the NLRB, pursuant to the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B) (the "FOIA"), seeking disclosure of certain documents (among them the disputed Memorandum), and seeking a stay of the wrongful death litigation pending resolution of the FOIA action. The NLRB answered, stating that the Memorandum was protected from compelled disclosure under Exemption 5 of the FOIA (codifying, inter alia, the work product exemption). Next, the NLRB served Howard with a set of interrogatories, again requesting information regarding the circumstances of Howard's acquisition of the Memorandum. Again, Howard objected to the interrogatory, requested a protective order, and argued that to require her to answer would place herself and her attorney in a position of double jeopardy as they were already in contempt of court for refusing to answer the same interrogatories in another proceeding. On October 18, 1988, a magistrate judge issued a Memorandum Order granting the NLRB's motion to compel, denying Howard's motion for a protective order, and ordering Howard to answer the interrogatories within fifteen days of the entry of the order. Howard filed a motion to reconsider, which the magistrate judge also denied. Treating the motion as an objection to his order, the magistrate judge sent the motion to the district judge, who on November 10, 1988, affirmed the magistrate judge's order to compel and denied Howard's motion for a protective order, directing that Howard answer the NLRB's interrogatories within fifteen days of the entry of the order.
 
 
 5
 After Howard failed to comply with the court's order to answer the interrogatories, on December 28, 1988, the district judge issued an order to show cause why Howard and Engram should not be held in contempt for their failure to respond to the court's directive. Howard filed an interlocutory appeal to the Fourth Circuit, which was dismissed on the NLRB's motion, without opinion.
 
 
 6
 The district court again, on August 30, 1990, entered an order directing Howard and Engram to attend a hearing to show cause why they should not be held in contempt for their failure to answer the interrogatories. At the November 5, 1990, hearing, Howard and Engram again refused to answer the interrogatories and the court orally found them to be in civil contempt of court. Then, on November 30, 1990, by telephone conference, the judge notified Howard, Engram and the NLRB that he intended to impose sanctions for contempt after first allowing ten more months for Howard and Engram to answer the interrogatories. With respect to Engram, the district judge stated that he intended to bar Engram from practicing law before the District Court for the Southern District of West Virginia, unless he answered the interrogatories.[1] In addition, the district judge informed the parties that a hearing would be held on the proposed contempt sanctions on December 14, 1990. Finally, the district judge indicated that he would stay consideration of Howard's other motions requesting substantive rulings on the merits of the FOIA case, pending the final resolution of the contempt matter. After the hearing, the district judge entered an order holding Engram and Howard in civil contempt, pursuant to the guidelines he enunciated in the telephone conference.
 
 
 7
 Howard filed several motions seeking to alter, vacate, or obtain relief from the contempt order, which were denied by the district court. However, the district court agreed to stay its contempt order, pending the conclusion of any appellate proceedings and ordered that the FOIA case be placed on the inactive docket until completion of the appellate proceedings regarding the contempt order.
 
 
 8
 On February 15, 1991, Howard filed a notice of appeal, challenging (1) the district court's order holding Howard and Engram in contempt, (2) the district court's order denying Howard's motion for relief from the district court's contempt order, and (3) the district court's order that placed the case on the inactive docket. On July 8, 1991, the NLRB filed a motion to dismiss Howard's appeal as premature, which was granted by us. However, we deferred the question of whether Engram had filed a timely appeal on his own behalf, pending review of the merits of the instant appeal.
 
 
 9
 A threshold question is whether, in light of Torres v. Oakland Scavenger Co., 487 U.S. 312 (1988), dismissal of Engram's appeal is mandated by a failure to identify Engram in the notice of appeal. The phrase "et al" was deemed not adequate to identify Torres as an appellant. Id. That may well be required here. However, where, as here, reference in the notice of appeal is to "adverse rulings against her (i.e., Howard) and her counsel" and Engram was indubitably that counsel, we shall assume, without deciding, that we have jurisdiction of Engram's appeal.
 
 
 10
 Turning to the merits, courts have the inherent power to impose sanctions on attorneys who fail to comply with discovery orders. Roadway Express, Inc. v. Piper, 447 U.S. 752, 765 (1980). Accordingly, a district court's decision to hold a party in contempt of court must be upheld, absent an abuse of discretion. Wilson v. Volkswagen of America, Inc., 561 F.2d 494, 505 (4th Cir. 1977), cert. denied, 434 U.S. 1020 (1978). Likewise, in reviewing the refusal of a judge to recuse himself, an appellate court applies an abuse of discretion standard. Mayberry v. Maroney, 558 F.2d 1159, 1162 (3rd Cir. 1977); Davis v. Board of School Comm'rs of Mobile Cty., 517 F.2d 1044, 1052 (5th Cir. 1975), cert. denied, 425 U.S. 944 (1976).
 
 
 11
 Considering the propriety vel non of the court's civil contempt order against Engram, Engram has insisted that we should first address whether the district court properly ordered Howard to answer the NLRB's interrogatories. Engram has maintained that the information sought in the interrogatories was immaterial and irrelevant to the FOIA action and was beyond the scope of discovery permitted in FOIA suits.
 
 
 12
 The NLRB, in response, has argued that the court's order, directing Engram to respond to the interrogatories was proper because it was relevant to the FOIA action. The NLRB has conceded that discovery is limited in FOIA actions to situations where some evidence beyond the description of a disputed record appears to be needed to determine whether the record is lawfully withheld. Here, the NLRB has argued that the answer to the interrogatories, inquiring how and when Engram and Howard obtained the Memorandum, is relevant to determining whether or not the NLRB has "published" the document, thereby waiving its asserted privilege under Exemption 5 of the FOIA.
 
 
 13
 Exemption 5 of the FOIA codifies the attorney work product exemption from discovery. 5 U.S.C. § 552(b)(5). Moreover, the Supreme Court has expressly held that NLRB Internal Advice Memoranda, like the one in the case at bar, that "direct the filing of a complaint and the commencement of litigation before the[NLRB]," are protected from disclosure by Exemption 5. NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 155 (1975). Here, the Memorandum at issue authorized the Regional Office of the NLRB to proceed in prosecuting certain unfair labor practice allegations in a case that was then before the NLRB. Accordingly, the Memorandum was protected from disclosure under the Supreme Court's holding in Sears.
 
 
 14
 However, the NLRB can waive a document's claimed exemption, if the document is published, or if the document is disclosed to private individuals or to nonfederal agencies. See, e.g., Chilivis v. SEC, 673 F.2d 1205, 1212 (11th Cir. 1982); Mead Data Cent., Inc. v. United States Dep't of Air Force, 566 F.2d 242, 253 (D.C. Cir. 1977). Thus, the NLRB is correct in its assertion that how and from whom Howard and Engram received the document is relevant as to whether the privilege has been waived vel non. Accordingly, Engram's argument that the questions propounded in the interrogatories are irrelevant and immaterial is without merit.[2] The district court properly ordered Engram to answer the interrogatories.
 
 
 15
 The Federal Rules of Civil Procedure authorize a court to issue an order compelling discovery. Fed. R. Civ. P. 37(a). In the event that a party fails to obey an order compelling discovery, Rule 37(b)(2) expressly authorizes the court to make any orders that are "just" with regard to the party's failure to obey. Among the orders expressly authorized is "an order treating as contempt of court the failure to obey any orders except an order to submit to a physical or mental examination." Fed. R. Civ. P. 37(b)(2)(D). The Federal Rules provide no exceptions to the duty to obey the court's orders with respect to compelled discovery. Moreover, it is well-settled that the award of sanctions for a party's refusal to obey an order compelling discovery is discretionary with the trial court. Wilson, 561 F.2d at 505.
 
 
 16
 It is undisputed that Engram and Howard repeatedly ignored and flagrantly refused to obey the district court's orders compelling them to answer the interrogatories. The fact that Howard and Engram perceived the answers to be irrelevant and immaterial has no bearing on their obligation to answer the interrogatories following an order by the court to do so and following an unsuccessful attempt to obtain a protective order or to obtain relief on appeal. There is simply no justification for Engram's refusal to obey the court's orders compelling discovery. Accordingly, the district court was well within its discretion in sanctioning Engram.
 
 
 17
 Engram has suggested that the district court's sanctions of civil contempt and disbarment from appearing before the District Court for the Southern District of West Virginia are not proper sanctions. With respect to the civil contempt sanction, Federal Rule of Civil Procedure 37(b)(2)(D) expressly authorizes a trial court to sanction a party by entering "an order treating as contempt of court the failure to obey any orders except an order to submit to a physical or mental examination." Because the rules expressly permit such a sanction, we cannot say that the district court abused its discretion in awarding such a sanction against Engram.
 
 
 18
 With respect to the district court's order barring Engram from appearing before the District Court for the Southern District of West Virginia, it is well-settled that courts have broad discretion in selecting appropriate contempt sanctions, and also possess"the inherent authority to disbar or suspend lawyers from practice." In re Evans, 801 F.2d 703, 706 (4th Cir. 1986), cert. denied, 480 U.S. 906 (1987) (citations omitted). The authority to disbar or suspend an attorney arises from the lawyer's role as an officer of the court. Id. Moreover, as we have previously held with respect to disbarment proceedings, "as an appellate court, we owe substantial deference to the district court." Id.
 
 
 19
 As an attorney, Engram was and is charged with knowledge of the rules of court. Id. at 708. Thus, he must be presumed to have been aware of the fact that the Federal Rules of Civil Procedure required that he and his client obey the district court's order compelling them to answer the interrogatories, and he must be presumed to know that his failure to obey the court's order was wholly without justification and was sanctionable.
 
 
 20
 The district court, in the present case, chose the least stringent sanctions which the court believed necessary to cause Engram to obey the court's order to answer the interrogatories. The court, upon reflection, reasonably concluded that committing Howard or Engram to jail until the interrogatories were answered "would be too harsh and inappropriate a measure to cause their compliance with the court's order that they answer the interrogatories, because in the court's view that measure would constitute a sanction that would be'more severe than is necessary to prevent prejudice to the movant[the NLRB].' " (quoting Wilson, 561 F.2d at 504-05). In addition, the district court crafted the bar from practicing before the Southern District of West Virginia in such a way as to induce Engram to answer the interrogatories and to permit him, upon answering, to make an application for reinstatement. The court went out of its way painstakingly to provide a builtin process of reinstatement for Engram, whether or not he answered the interrogatories and the court afforded Engram and Howard a substantial amount of time within which to choose to obey the court's order.
 
 
 21
 The district court clearly tailored the sanctions in a careful and reasonable way. In view of Engram's blatant refusal to obey the court's order, which refusal spanned a two-year period, the district court's sanctions did not constitute an abuse of discretion.
 
 
 22
 Additionally, Engram has argued that the district court's contempt order should be reversed because the district judge has ordered the briefing and consideration of Engram's other motions in the FOIA action stayed, pending resolution of the civil contempt proceeding. Engram has strenuously insisted that the district court abused its discretion in staying consideration of the FOIA action and the substantive motions he made in conjunction with the case. The Federal Rules of Civil Procedure expressly provide that a judge may stay proceedings, or even dismiss a case or enter a default judgment, when a party refuses to obey an order compelling discovery. Fed. R. Civ. P. 37(b)(2)(A)(C). Thus, the district court was well within its discretion in ordering the litigation stayed, and in refusing to consider the substantive notions in the case, pending resolution of the contempt proceedings.
 
 
 23
 Finally, Engram has contended that the district judge was required to recuse himself under 28 U.S.C.S. § 455, which provides, inter alia, that a judge should recuse himself (1) when he has bias or prejudice against a party, or personal knowledge of evidentiary facts; and (2) when he has a financial interest in the subject matter of the controversy.
 
 
 24
 The NLRB, on the other hand, has pointed out that in the district court Engram never made a motion for the recusal of the district judge. Although the NLRB concedes that Engram's motion on appeal for relief from judgment complained that the district judge was biased, the NLRB has called attention to the fact that Engram's failure to make a recusal motion has precluded our consideration of that issue on appeal. See, e.g., Youker v. Gulley, 536 F.2d 184, 186-87 (7th Cir. 1976).
 
 
 25
 Even if the issue were properly before us on appeal, it is without merit. We have previously rejected Engram's argument, in a related case filed by Howard and Engram, that the same district judge should recuse himself because of his former interests and associations with various mining companies. Howard v. Milam, No. 87-1634 (4th Cir. Dec. 18, 1987). Accordingly, there is no basis for Engram's contention that the district judge should recuse himself in the instant case.
 
 Accordingly, the judgment is
 
 26
 AFFIRMED.
 
 
 
 [1]
 The district judge also stated that the bar from practicing law would continue until Engram is ordered reinstated by a judge or panel of judges of the district court. Moreover, he stated that if Engram answered the interrogatories within the ten month period, he would permit Engram immediately to file an application for reinstatement. However, if the interrogatories were not answered during the ten month period, he indicated that Engram, nonetheless, could file a reinstatement application following the expiration of the time period, to be heard by a judge or panel of judges, not including himself. Moreover, the district judge indicated that, if Engram failed to answer the interrogatories within the ten month period, he would furnish a certified copy of the forthcoming contempt order and memorandum opinion to the West Virginia State Bar Committee on Legal Ethics
 
 
 [2]
 In addition, Engram's contention that the work product doctrine does not apply because the litigation for which the Memorandum was prepared has ended is incorrect. The Supreme Court and the Fourth Circuit both have recognized that the work product exemption under the FOIA survives the end of the litigation for which it was prepared and extends to other cases regardless of whether the cases are closely related vel non. See FTC v. Grolier, Inc., 462 U.S. 19, 26 (1983); Duplan Corp. v. Moulinage et Retorderie de Chavanoz, 487 F.2d 480, 483-84 (4th Cir. 1973)