UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 27, 2006[*]
Decided September 28, 2006

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 06-1799

| | |
|---|---|
| TERESA C. ECHEMENDIA, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division |
| *v.* | |
| GENE B. GLICK MANAGEMENT CORPORATION, et al., *Defendants-Appellees.* | No. 1:05-CV-00053 |
| | Roger B. Cosbey, *Magistrate Judge.* |

**ORDER**

Teresa Echemendia, a disabled Hispanic, lived in an apartment building managed by Gene B. Glick Management Corporation for about 15 years. During this time she received section 8 benefits from the Department of Housing and Urban Development ("HUD"). Echemendia sued Glick, its employees, and other related defendants under various civil rights laws claiming that the defendants conspired to segregate the housing of Hispanics and the disabled. While her

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

lawsuit was pending, Echemendia requested two preliminary injunctions—one to prevent the termination of her section 8 subsidy and another to reinstate her section 8 subsidy after it terminated—both of which the district court denied. She now appeals the denial of her second preliminary injunction motion. Because Echemendia failed to demonstrate any likelihood of success on the merits, the district court acted within its discretion in denying her second request for a preliminary injunction and we affirm.

Background

In February 2005 Echemendia brought her claims against the defendants (collectively, "Glick") under the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601-3631, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, the federal constitution, and Indiana fair housing and contract law. While her lawsuit was pending, Echemendia received notice from Glick reminding her of her annual obligation, pursuant to HUD regulations, to complete recertification papers if she wanted to maintain her section 8 subsidy. *See* HUD Handbook No. 4350.3 REV-1 Chapter 7 § 1 at 7-9 (May 2003). Section 8 recipients must recertify annually on the anniversary date of their subsidy; failure to recertify by the anniversary date can result in the loss of assistance. *See id.* at 7-16. HUD regulations require property owners to notify a section 8 tenant of the annual recertification requirement multiple times: first, at the time of certification, and then 120, 90, and 60 days before the tenant's recertification date. *See id.* at 7-9.

These notices must name a staff person at the property that the tenant must contact to set up a recertification interview, and state that if the tenant fails to respond before the anniversary date, she will be responsible for the market rent. *See id* at 7-10 – 7-12. Echemendia's annual recertification date was December 1, 2005, and Glick sent her timely notices with the required contact information.

Instead of participating in a recertification interview with Glick, Echemendia filed her first motion for a preliminary injunction on October 11, 2005, to prevent the termination of her section 8 subsidy. Echemendia acknowledged that she received the three recertification notices from Glick—she attached them to her preliminary injunction motion—but said that she was unwilling to participate in the recertification process because, in her view, Glick was not following other HUD procedures in retaliation for her filing this suit. Among other things, Echemendia said that Glick failed to provide her with copies of forms that she would have to sign at the recertification interview and did not give her a copy of the initial reminder notice that she signed at her 2004 recertification. The district court denied her preliminary injunction motion, which she does not appeal.

After her section 8 benefits were terminated on December 1, 2005, Echemendia filed a second preliminary injunction motion, this time asking the court to command Glick to engage in the recertification process and deem her recertified as of December 1, 2005.  As is relevant to this appeal, Echemendia argued that Glick unlawfully retaliated against her by refusing to discuss recertification with her on December 13 and 14, 2005, as she had requested.

Magistrate Judge Cosbey—presiding with the parties' consent—denied Echemendia's second motion for a preliminary injunction.  The judge found that, shortly after Echemendia failed to recertify by December 1, 2005, Glick assigned her section 8 housing (of which there are a limited number) to another tenant who qualified for section 8 benefits and had been on a waiting list.  He further found that Glick refused to recertify her in mid-December because of the unavailability of section 8 housing at that time.  Judge Cosbey concluded, therefore, that Echemendia could not show that she would likely succeed on the merits of her 42 U.S.C. § 3617 FHA retaliation claim because Glick's reasons for not recertifying her were not unlawful.

<u>Analysis</u>

Echemendia appeals the denial of her second motion for a preliminary injunction.  She makes three arguments that the district court abused its discretion in denying the injunction.   She contends that Glick's retaliatory refusal to recertify her on December 13 and 14:  (1) violated § 3617 of the FHA, (2) breached her lease, and (3) did not comply with HUD recertification procedures in violation of due process.

In reviewing a district court's denial of a preliminary injunction, we review legal conclusions de novo and findings of fact and the application of law to fact for clear error.  *See Joelner v. Vill. of Wash. Park*, 378 F.3d 613, 619-20 (7th Cir. 2004); *United States v. Buford*, 201 F.3d 937, 941 (7th Cir. 2000); *Williams v. Comm'r of Internal Revenue*, 1 F.3d 502, 505 (7th Cir. 1993).  "A district court's decision to grant or deny an injunction is entitled to deference by the reviewing courts, and we shall reverse only for an abuse of discretion."  *Dupuy v. Samuels,* 397 F.3d 493, 502 (7th Cir. 2005).  Finally, a party seeking a preliminary injunction must demonstrate, among other things, that it has a reasonable likelihood of success on the merits of the underlying claim.  *See AM Gen. Corp. v. DaimlerChrysler Corp.,* 311 F.3d 796, 803-04 (7th Cir. 2002).  If the party seeking the injunction cannot establish any likelihood, the court ends its inquiry and denies the request.  *See id.*; *Kiel v. City of Kenosha*, 236 F.3d 814, 815-16 (7th Cir. 2000).

The FHA provides statutory authority for preliminary injunctive relief.  42 U.S.C. § 3613(c).  To prevail on a claim of retaliation under § 3617 of the FHA,

Echemendia must show *both* a retaliatory motive and Glick's intent to discriminate
on a forbidden ground (i.e., race or disability) when it refused to recertify her. *See
East-Miller v. Lake County Highway Dep't*, 421 F.3d 558, 563 (7th Cir. 2005)
(holding "that a showing of intentional discrimination is an essential element of a
§ 3617 claim" of retaliation); *Sofarelli v. Pinellas County*, 931 F.2d 718, 722 (11th
Cir. 1991) (requiring plaintiffs to show "that race played some role" in the
defendants' actions that allegedly violated § 3617).  Evidence of Glick's
discriminatory intent may be direct or indirect through the burden-shifting
framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).
*See East-Miller*, 421 F.3d at 563; *Kormoczy v. Sec'y, United States Dep't of Hous. &
Urban Dev.,* 53 F.3d 821, 823 (7th Cir. 1995) (the elements of a claim alleging
housing discrimination follow closely the elements of a claim for employment
discrimination).

        Echemendia has no direct evidence that Glick refused to recertify her on
December 13 and 14 because of her disability or race.  She appears to argue that a
poster displayed by Glick stating that it accepted "mobility impaired" tenants
suggested a preference for such individuals and was therefore direct evidence that
Glick disliked disabled persons who were not mobility impaired.  But a poster
stating that Glick accepts mobility-impaired individuals is not an admission that
Glick prefers them to non-mobility impaired disabled individuals.  *See Kormoczy,* 53
F.3d at 824 ("Direct evidence is that which can be interpreted as an
acknowledgment of the defendant's discriminatory intent").

        Echemendia's next argument appears to be that she has met her prima facie
case of proving discrimination indirectly.  She regards the fourth prong of the prima
facie case as requiring that the section 8 "slot" remained open after she asked Glick
to engage in recertification on December 13 and 14.  But Judge Cosbey concluded
that after Echemendia failed to recertify on December 1, Glick awarded her section
8 subsidy to another tenant and the slot was filled by December 13.  Judge Cosbey's
factual determination was not clearly erroneous.  *See Joelner,* 378 at 619-20.
Moreover, if we treat the fourth prong of her prima facie case as requiring that she
show that the slot was filled with a similarly situated individual outside of her
protected class, *see Ballance v. City of Springfield,* 424 F.3d 614, 617 (7th Cir.
2005), her case still fails.  Echemendia has not adduced any evidence to show that a
non-disabled or non-Hispanic individual who missed the recertification deadline
was treated better.  Because her prima facie case necessarily fails at the fourth
prong, there was no abuse of discretion in denying the preliminary injunction on the
theory that Glick violated the FHA in refusing to recertify her in mid-December.

        For related reasons, Echemendia also cannot show any likelihood of success
on her breach of contract claim.  Echemendia argues that Glick breached her lease
by refusing to recertify her on December 13 and 14 because her lease provided that

she could recertify after the recertification deadline if "assistance was available." But because Judge Cosbey's finding that assistance (that is, subsidized housing) was not available on those dates was not clear error, there was no likelihood of success in proving breach and no abuse of discretion in denying the preliminary injunction on this ground.

Finally, Echemendia cannot show any likelihood that she would succeed on the merits of her claim that Glick's actions violated due process. She seems to contend that she has a property interest in her section 8 welfare benefit, citing *Goldberg v. Kelly*, 397 U.S. 254 (1970), and therefore Glick violated her due process rights by not following HUD recertification procedures. But "[p]rocedural due process imposes constraints on *governmental decisions* which deprive individuals of liberty or property interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976) (emphasis added) (internal quotations omitted); *see Banks v. Sec'y of Ind. Family & Soc. Servs. Admin.*, 997 F.2d 231, 246-47 (7th Cir. 1993). Echemendia does not allege that the actions of Glick were the actions of either the federal or state government, and private action is beyond the reach of the Fifth and Fourteenth Amendments. *See DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 195-96 (1989); *Banks*, 997 F.2d at 247. (Echemendia did sue HUD but HUD was dismissed on sovereign immunity grounds and Echemedia does not challenge that dismissal on appeal). Accordingly, there was no abuse of discretion in denying the preliminary injunction on this ground.

We conclude by noting that the magistrate judge also did not abuse his discretion in denying Echemendia's Rule 59(e) motion to reconsider his denial of her requested preliminary injunction. She merely rehashed previously rejected arguments and did not show why her new evidence could not have been presented to the district court earlier. *See Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 368 (7th Cir. 2003); *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000).

AFFIRMED.