NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 6, 2008[*]
Decided February 6, 2008

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 07-1902 | |
| | Appeal from the United States District |
| TERESA C. ECHEMENDIA, | Court for the Northern District of |
| *Plaintiff-Appellant*, | Indiana, Fort Wayne Division |
| | |
| *v.* | No. 1:05-CV-53 |
| | |
| GENE B. GLICK | Roger B. Cosbey, |
| MANAGEMENT CORP., *et al.*, | *Magistrate Judge.* |
| *Defendants-Appellees*. | |

**O R D E R**

In this successive appeal, we review the district court's grant of summary judgment to the defendants. Because the plaintiff had an adequate opportunity for discovery, and there is no material evidence to support her numerous claims, we affirm.

From 1990 through 2005, Teresa Echemendia, a disabled Hispanic woman, lived in an apartment building managed by Gene B. Glick Management ("Glick").

---

[*]This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

She received Section 8 rent subsidies from the Department of Housing and Urban Development ("HUD"). While receiving those subsidies, Echemendia compiled a long list of complaints about Glick that she now views as discrimination. She claims, for example, that: Glick failed to maintain her unit; Glick entered and searched her apartment; Glick employees used the handicapped-only parking space; Glick failed to control parties, drug use, and underage drinking in the apartment complex; Glick requested that she acknowledge pet regulations and provide a record of her divorce along with her other HUD paperwork; Glick did not prevent second-hand smoke (to which she is allergic) from entering her unit; Glick encouraged mobility-impaired tenants to apply for housing but did not mention other types of disabilities; employees treated her in a "nasty" way when she raised concerns; and other like topics.

In February 2005, her dissatisfaction culminated in this lawsuit. She targeted Glick employees Cindy Bane, Sharon Hankins, Kolleen Scott, and Desiree Elett, as well as Glick itself and several of its apartment complexes. She alleged that the defendants had discriminated against her on the basis of her ethnicity and disability, and retaliated against her for her complaints. Her claims fell under the Fair Housing Act, 42 U.S.C. §§ 3604, 3617, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, the Fourth Amendment, the Civil Rights Act prohibition against conspiracy, 42 U.S.C. § 1985, Executive Orders 11063, 12892, and 13217, dealing with HUD administration, and state-law contract, privacy, and fair-housing claims. The district court dismissed some additional claims before summary judgment, and Echemendia's brief does not argue against their dismissal, so we will not address them further.

Each year Echemendia was required to complete re-certification forms to continue receiving Section 8 benefits for the following year. After she filed suit in 2005, her deadline for re-certification for 2006 neared. But Echemendia never completed the required paperwork, despite receiving several notices from Glick to do so and despite successfully doing so in the past. As a result, her HUD benefits were discontinued, and she became responsible for the full market value of her rent. When she could not pay, Glick evicted her.

Echemendia sought two preliminary injunctions. Her first request sought to prevent Glick from terminating her Section 8 benefits, and her second motion sought to reinstate her subsidy. The district court denied both requests. After she appealed only the denial of the second request, we affirmed the district court, reasoning that she demonstrated no likelihood of success on her claims that Glick's actions were discriminatory or retaliatory. *See Echemendia v. Gene B. Glick Mgmt. Corp.*, No. 06-1799, 2006 WL 2787171 (7th Cir. Sept. 28, 2006).

The defendants moved for summary judgment shortly after discovery closed on July 14, 2006. They submitted affidavits and accompanying documents asserting that they never treated Echemendia differently than other tenants. They attested that: they requested only those materials from her that were the standard practice for the apartment complex; they inspected Echemendia's apartment and requested information about her divorce only to comply with HUD requirements for receipt of her benefits; they offered to put a filter in her unit to help remove second-hand smoke, but she refused; they began ticketing cars parked in the handicapped-parking space after she called attention to them; they reprimanded unruly tenants; and they evicted her only because of her failure to re-certify her eligibility for HUD benefits and pay rent.

Echemendia filed three motions to reopen discovery and postpone consideration of summary judgment. She filed her first motion in September 2006 in which she requested additional discovery, contending that she needed it to answer the motion for summary judgment. She sought information about her contractual rights against the defendants; audits of tenant housing files; training, education, and employment histories of defendants; any notices from Glick to HUD that it was evicting Echemendia; and any other evidence supporting her complaint. The district court treated this motion under Federal Rule of Civil Procedure 56(f) and stayed proceedings temporarily until defendants produced the audits of the housing files and any notices they provided to HUD, or until they certified that these records did not exist. It noted that Echemendia had timely requested these items during the discovery period. The district court denied the remainder of Echemendia's requests because she could have pursued them during discovery, and because she did not explain her claim of their possible relevance to the defendant's summary judgment motion.

Echmendia filed her second discovery-related motion in October 2006, seeking to compel answers to interrogatories and document requests that she had served during discovery. The district court treated the motion under Federal Rule of Civil Procedure 37 rather than Rule 56(f) because Echemendia never attested that she needed the discovery to answer the pending motion for summary judgment. Moreover, the court found that Echemendia's second discovery motion would fail under Rule 56(f) because (1) she could have but did not seek these materials in first Rule 56(f) motion; (2) she did not explain why her requests were relevant to the summary judgment motion; and (3) she untimely filed her motion two months after the defendants moved for summary judgment.

By December 2006 Glick produced the tenant housing files for Echemendia and other tenants, and certified that it possessed no copies of notices sent to HUD about Echemendia. Echemendia responded with her third motion to compel, arguing that defendants did not respond in full to the court's order to produce her

requested documents. The court disagreed, pointing out that Echemendia offered no evidence that the defendants were withholding any responsive documents. The district court then granted Echemendia additional time to answer the motion for summary judgment. She never responded to the motion, however, and the court issued judgment for the defendants in March 2007.

We first consider the district court's discovery rulings. We review the district court's decision to deny reopening discovery and production of documents for abuse of discretion. *See Winters v. Fru-Con Inc.*, 498 F.3d 734, 743 (7th Cir. 2007). It was not unreasonable for the court to deny Echemendia's requests for new documents. First, as the district court found (and Echemendia has offered no evidence to the contrary), she could have pursued these materials during discovery but did not for her own lack of diligence. *See Grayson v. O'Neill*, 308 F.3d 808, 816 (7th Cir. 2002). Second, she did not show the court, and has not shown us, how they would have been probative of her discrimination, retaliation, or unlawful search claims. Because they would not have aided her response to the summary judgment motion, it was not an abuse of discretion to refuse their production. *See Waterloo Furniture Components, Ltd. v. Haworth, Inc.*, 467 F.3d 641, 648 (7th Cir. 2006); *Grundstad v. Ritt*, 166 F.3d 867, 873 (7th Cir. 1999).

Turning to the summary judgment ruling itself, we note that Echemendia forfeited her claims on appeal by failing to respond to the motion for summary judgment. *See Lorillard Tobacco Co. v. A & E Oil Inc.*, 503 F.3d 588, 593 (7th Cir. 2007). On this basis alone, we may affirm the district court. *See Ocean Atlantic Dev. Corp. v. Aurora Christian Schs., Inc.*, 322 F.3d 983, 1005 (7th Cir. 2003). But even a review of the record and of the district court's detailed 30-page opinion reveals that there is no evidence that creates a dispute of material fact.

A party who bears the burden of proof must affirmatively demonstrate that there is a genuine issue of material fact for trial. *East-Miller v. Lake County Highway Dep't*, 421 F.3d 558, 561-62 (7th Cir. 2005). But Echemendia's lack of any direct or indirect evidence of discrimination or retaliation cuts across all of her claims. She never provides evidence that draws together her diverse accounts of difficulties or disagreements with tenants and staff of her apartment complex into acts targeted at her on the basis of her race or disability, or in retaliation for having made complaints.

An intent to discriminate is an essential element of both her discrimination and retaliation claims under the Fair Housing Act. *See White v. United States Dep't of Hous. and Urban Dev.,* 475 F.3d 898, 907 (7th Cir. 2007) (retaliation under the Fair Housing Act); *East-Miller*, 421 F.3d at 563-64 (same); *Oconomowoc Residential Programs v. City of Milwaukee*, 300 F.3d 775, 782-83 (7th Cir. 2002) (discrimination under the Fair Housing Act). The defendants have offered non-discriminatory and

non-retaliatory reasons for their actions.  Echemendia has adduced no evidence that these reasons are pretextual, nor has she shown any failure to accommodate her disability.  Her lack of evidence that she was treated differently than similarly situated tenants also defeats her claim under the Rehabilitation Act.  *See Bd. of Educ. of Twp. High Sch. Dist. No. 211 v. Ross*, 486 F.3d 267, 278 (7th Cir. 2007); *Grzan v. Charter Hosp. of Northwest Indiana*, 104 F.3d 116, 120-21 (7th Cir. 1997). Likewise, the lack of evidence of discriminatory intent dooms her § 1985 conspiracy-to-discriminate claim.  *See Keri v. Bd. of Trs. of Purdue Univ.*, 458 F.3d 620, 642 (7th Cir. 2006); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000). Finally, Executive Orders 11063, 12892, and 13217 are also unavailing.  Even if they impress some duty upon the defendants, and Echemendia has a right to enforce them, they are targeted at the prevention of discrimination, and as we have said there is no evidence of this.

As to Echemendia's Fourth Amendment claims, she argues that Glick's employees unconstitutionally entered her apartment during an inspection.  Even if we assumed that the defendants were government actors inspecting her apartment, the evidence shows that they entered only because HUD regulations required an annual inspection, and she had agreed to this in her lease and her application for HUD funds.  Their entry would have been a consensual encounter, *see United States v. Bell*, 500 F.3d 609, 612-13 (7th Cir. 2007), which would not violate the Fourth Amendment.

Finally, after the court resolved all of Echemendia's federal claims, it did not abuse its discretion when it declined to retain supplemental jurisdiction over her purely state-law claims.  *See Sanchez & Daniels v. Koresko*, 503 F.3d 610, 614-15 (7th Cir. 2007); *Ross ex rel. Ross v. Bd. of Educ. of Twp. High Schs. Dist. 211*, 486 F.3d 279, 285 (7th Cir. 2007).

The decision of the district court is AFFIRMED.