RICHARD P. COOPER, PLAINTIFF-RESPONDENT, v. MICHAEL R. IMBRIANI, PROSECUTOR OF SOMERSET COUNTY, AND THE COUNTY OF SOMERSET, DEFENDANTS-APPELLANTS.

JOSEPH KARKOWSKI, PLAINTIFF-RESPONDENT, v. MICHAEL R. IMBRIANI, PROSECUTOR OF SOMERSET COUNTY, AND THE COUNTY OF SOMERSET, DEFENDANTS-APPELLANTS.

Argued September 12, 1973—Decided October 23, 1973.

Mr. *Robert Gluck,* Deputy Attorney General, Division of Criminal Justice, argued the cause for defendants (*Mr. Richard W. Berg* and *Mr. William B. Eisert,* on the brief; *Mr. George F. Kugler, Jr.,* Attorney General of New Jersey, attorney).

Mr. *Richard H. Thiele, Jr.* argued the cause for plaintiff Joseph Karkowski (*Messrs. Wharton, Stewart & Davis,* attorneys).

Mr. *Richard A. Norris* argued the cause for plaintiff Richard P. Cooper (*Mr. Richard H. Thiele, Jr.* on the brief; *Messrs. Norris, McLaughlin & Trucker,* attorneys).

Mr. *George F. Kugler, Jr.,* Attorney General of New Jersey, filed a Statement in Lieu of Brief on behalf of New Jersey Department of Civil Service (*Mr. John M. Van Dalen,* Deputy Attorney General, of counsel).

PER CURIAM. The Appellate Division, in an opinion reported at 122 *N. J. Super.* 469 (1973), one judge dissenting, upheld the ruling of the trial court that plaintiffs Richard P. Cooper, a county detective, and Joseph Karkowski, a lieutenant of detectives, both employed in the Somerset County Prosecutor's office, and both veterans with honorable discharges from the military service of the United States, had tenure in their positions under the Veterans Tenure Act, *N. J. S. A.* 38:16–1 *et seq.,* and could not be removed except for good cause shown after a fair and impartial hearing. We affirm the Appellate Division judgment for the following reasons.

The employment of county detectives is governed by the County Detectives and County Investigators Act, *N. J. S. A.* 2A:157–1 *et seq.* The act, *inter alia,* provides that persons appointed by the prosecutor as county detectives shall be in the classified service of the Civil Service. Ordinarily, therefore, county detectives would have Civil Service protection by virtue of their being in the classified service. This

is the case in twenty of the State's counties which have adopted and are operating under the Civil Service Act, *N. J. S. A.* 11 :19–1 *et seq.* However, to date Somerset County has not adopted the Civil Service Act, does not operate under its provisions, and plaintiffs may not claim protection thereunder.

Plaintiffs' argument that the County Detectives and County Investigators Act, *supra,* automatically places county detectives throughout the State under Civil Service, is at odds with the basic expression in the Civil Service Act that its provisions shall apply only to those counties which adopt Civil Service by referendum vote. Moreover, plaintiffs' argument is self-defeating. If all county detectives are under Civil Service, plaintiffs' appointments, in order to be legal, would have had to be made in accordance with Civil Service procedures. Admittedly, this is not the case.[1]

In the situation presented, the Veterans Tenure Act comes into play unless some legislative purpose to exclude plaintiffs' employment from the act's tenure protection is evidenced. The prosecutor argues that county detectives come within the class of confidential employees such as county investigators who serve at the pleasure of the prosecutor, (see *N. J. S. A.* 2A :157–10), and may not claim the protection of the Veterans Tenure Act. *Brennan v. Byrne,* 31 *N. J.* 333 (1960). He points out that under earlier legislation county detectives also served at the pleasure of the prosecutor, *L.* 1905, *c.* 190, and suggests that the present law (*N. J. S. A.* 2A :157–2) placing county detectives in the classified service, was intended to change their status only in those counties which by referendum vote have adopted the provisions of the Civil Service Act.

[1] We find no merit in plaintiffs' further contention that they are not county employees, but rather are in State service and are under State Civil Service protection by virtue of their being employed in the office of a county prosecutor which is considered a State office. This contention is also self-defeating for the reasons stated above.

■ We cannot agree that this was the legislative purpose. In the twenty counties of this State which have adopted Civil Service, county detectives are in the classified (protected) service of Civil Service by virtue of *N. J. S. A.* 2A:157–2 and may not be removed or discharged except for good cause. Even though Somerset County has not adopted the provisions of the Civil Service Act, so that the classification of county detectives set forth in *N. J. S. A.* 2A:157–2 is not applicable to it, the clear legislative expression is that those holding the office or position of county detectives are entitled to tenure protection under appropriate legislation.

We are satisfied that the provisions of the Veterans Tenure Act are applicable to plaintiffs and that they may not be discharged except for good cause shown after a fair and impartial hearing.

The judgment of the Appellate Division is affirmed. No costs.

*For affirmance*—Justices JACOBS, SULLIVAN, PASHMAN and CLIFFORD—4.

*For reversal*—None.