MARVIN H. MANDELBAUM, PLAINTIFF-APPELLANT, v. STATE OF NEW JERSEY, DEPARTMENT OF CIVIL SERVICE, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted April 5, 1976—Decided June 29, 1976.

324

Before Judges ALLCORN, KOLE and ARD.

*Messrs. Bloom, Drobner and Javerbaum,* attorneys for the appellant (*Mr. Kenneth S. Javerbaum,* of counsel).

*Mr. William F. Hyland,* Attorney General, attorney for respondent (*Mr. Stephen Skillman,* Assistant Attorney General, of counsel; *Ms. Erminie L. Conley,* Deputy Attorney General, on the brief).

PER CURIAM. Plaintiff, a resident of Bergen County, appeals the rejection of his application for employment as a county detective in Union County because of his nonresidency in Union County. His challenge is to the constitutionality of the residency requirements as established by the controlling statute, namely, *N. J. S. A.* 11:22-7.

We perceive no constitutional infirmity or impropriety in the provisions or effect of *N. J. S. A.* 11:22-7. *McCarthy v. Philadelphia Civil Service Comm'n,* —— *U. S.* ——, 96 *S. Ct.* 1154, 47 *L. Ed.* 2d 366 (1976); *Abrahams v. Civil Service Comm'n,* 65 *N. J.* 61 (1974). See *Troy Hills Village v. Parsippany-Troy Hills Tp. Council,* 68 *N. J.* 604 (1975); *David v. Vesta Co.,* 45 *N. J.* 301 (1965); *N. J. Restaurant Ass'n v. Holderman,* 24 *N. J.* 295 (1957). See also, *Dunne v. Fireman's Fund Am. Ins. Co.,* 69 *N. J.* 244 (1976).

It very well may be that the subsequent enactments adopted by the Legislature in 1972 excepting from the residency requirements of the Civil Service Act applicants for appointment to a municipal fire department (*N. J. S. A.* 40A:14-9.2) and applicants for appointment to a municipal police department (*N. J. S. A.* 40A:14-122.2) themselves offend the equal protection proscription of the Constitution

— although we express no opinion thereon. However this may be, the constitutional invalidity of either or both of these excepting statutes would not affect the constitutionality of *N. J. S. A.* 11:22-7.

So far as concerns *N. J. S. A.* 40A:9-1, its provisions in no way concern the class or classes of persons covered by *N. J. S. A.* 11:22-7. In any event and as earlier indicated, even assuming the constitutional invalidity of *N. J. S. A.* 40A:9-1 because the excepted offices (most, if not all, of which are appointed for fixed terms) do not form or constitute a reasonable and proper class, that invalidity would in no way affect the constitutionality of *N. J. S. A.* 11:22-7.

To the extent that it espouses a contrary view, the case of *Trainor v. Newark,* 137 *N. J. Super.* 570 (Ch. Div. 1975), is hereby overruled.

Affirmed.