149 N.J. Super. 340 (1977)
373 A.2d 1008
HENRY SKOLSKI, PLAINTIFF-RESPONDENT,
v.
JOSEPH C. WOODCOCK, JR., BERGEN COUNTY PROSECUTOR, DEFENDANT-APPELLANT, AND RICHARD KIKKERT, BERGEN COUNTY CHIEF OF DETECTIVES, DEFENDANT. JOSEPH C. WOODCOCK, JR., PLAINTIFF-APPELLANT,
v.
HENRY SKOLSKI, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submit March 1, 1977.
Decided April 11, 1977.
*342 Before Judges LORA, CRANE and MICHELS.
Mr. Joseph C. Woodcock, Jr., Prosecutor of Bergen County, appellant pro se (Mr. Roger W. Breslin, Jr., First Assistant Prosecutor, of counsel and on the brief).
Mr. Thomas J. Cimicata, attorney for respondent Henry Skolski.
The opinion of the court was delivered by MICHELS, J.A.D.
Appellant Joseph C. Woodcock, Jr., Prosecutor of Bergen County, appeals from a judgment of the Law Division declaring that respondent Henry Skolski was not required to reside within Bergen County as a condition of continued employment as a county detective in the Bergen County Prosecutor's Office and enjoining Woodcock and his chief of detectives, Richard Kikkert, from terminating Skolski's employment.
The facts are undisputed. Skolski was appointed a county detective on December 6, 1971 by the then Bergen County Prosecutor. At the time of his appointment, he resided in Bergen County. Thereafter, on July 1, 1974, Skolski moved from Bergen County and established residency in Essex County. Kikkert ordered him to move back to Bergen County by December 1, 1974, or he would be dismissed. Skolski was granted several extensions of time within which to comply with this order. Finally, on October 6, 1975 Kikkert notified Skolski that if he did not re-establish permanent residence in Bergen County by December 31, 1975, his employment *343 as a county detective would be terminated. Skolski instituted this action by a complaint in lieu of prerogative writs. By it he sought to enjoin Woodcock and Kikkert from terminating his employment as a county detective, claiming that the residency requirements of N.J.S.A. 40A:9-1 were not applicable to county detectives, and consequently he was not required to reside in the county as a condition of continued employment, and claiming that the statutory residency requirement was unconstitutional. Woodcock also filed a complaint in lieu of prerogative writs in which he sought a declaration that N.J.S.A. 40A:9-1 was constitutional and applicable to the office of county detective, and thus that Skolski's violation of the residence requirements established therein mandated the immediate termination of his employment. Subsequently, Woodcock amended his complaint to seek a declaration that N.J.S.A. 11:22-7, which establishes residency requirements for employment in the classified service, was also applicable to the office of the county detective and was constitutional, and that its violation by Skolski provided an additional reason for the latter's immediate termination as county detective.
The trial judge held that Skolski did not have to reside in Bergen County as a condition for continued employment because the residency requirements imposed by N.J.S.A. 40A:9-1 did not apply to county detectives for the reason that the authority and duties of that office do not "relate to a county only." See Dunne v. Fireman's Fund Am. Ins. Co., 69 N.J. 244, 250-252 (1976); Cashen v. Spann, 66 N.J. 541, 552 cert. den. 423 U.S. 829, 96 S.Ct. 48, 46 L.Ed.2d 46 (1975) Cf. Cooper v. Imbriani, 63 N.J. 535, 537n. 1 (1973). The judge also held that while N.J.S.A. 11:22-7 limited the eligibility of applicants for positions and employment in the classified service to qualified residents of the county in which the service is to be rendered and from which funds the employee is to be paid, it did not require residency in that county as a condition for continued employment. This appeal followed.
*344 Skolski's appointment as a county detective was made pursuant to N.J.S.A. 2A:157-2 which, in pertinent part, provides:
Persons so appointed shall be in the classified service of the civil service and shall possess all the powers and rights and be subject to all the obligations of police officers, constables and special deputy sheriffs in criminal matters.
Bergen County has adopted the Civil Service Act, of which N.J.S.A. 11:22-7 provides:
For all positions and employments in the classified service, where the service is to be rendered in a particular county, municipality or school district, or any judicial district of such county, and payment therefor is made from the funds of such county, municipality or school district, or judicial district of the county, the commission shall limit the eligibility of applicants to the qualified residents of the county, municipality or school district, or judicial district of such county, in which the service is to be rendered and from the funds of which the employee is to be paid.
Residency requirements for governmental employment, whether at the state, county or municipal level, and whether imposed by statute or ordinance, are valid and enforceable. See Abrahams v. Civil Serv. Comm'n, 65 N.J. 61 (1974); Kennedy v. Newark, 29 N.J. 178 (1959); Trainor v. Newark, 145 N.J. Super. 466 (App. Div. 1976), certif. den. March 15, 1977; Mercadante v. Paterson, 111 N.J. Super. 35 (Ch. Div. 1970). See also, McCarthy v. Philadelphia Civil Serv. Comm'n, 424 U.S. 645, 96 S.Ct. 1154, 47 L.Ed.2d 366 (1976); Ector v. City of Torrance, 10 Cal.3d 129, 109 Cal. Rptr. 849, 514 P.2d 433 (Sup. Ct. 1973), cert. den. 415 U.S. 935, 94 S.Ct. 1451, 39 L.Ed.2d 493 (1974); Krzewinski v. Kugler, 338 F. Supp. 492 (D.N.J. 1972). In Mandelbaum v. Civil Service Dept., 142 N.J. Super. 323 (App. Div. 1976), we recently affirmed the rejection by the Civil Service Commission of an application by a resident of Bergen County for employment as a county detective in Union County because of nonresidency in Union *345 County. In rejecting the challenge to the constitutionality of the residency requirements established by N.J.S.A. 11:22-7, we perceived no constitutional infirmity or impropriety in the provisions or effect of that statute.
The constitutionality of residency requirements such as that imposed by N.J.S.A. 11:22-7 have been sustained because they have been found to be in furtherance of the public welfare. As Chief Justice Weintraub observed in Kennedy v. Newark, supra, 29 N.J. at 184, "government may well conclude that residence will supply a stake or incentive for better performance in office or employment and as well advance the economy of the locality which yields the tax revenues." There are, of course, other cogent reasons why residency advances the public interest. See, e.g., Abrahams v. Civil Serv. Comm'n, supra 65 N.J. at 72.
We are of the view that the statutory specification of residency established by N.J.S.A. 11:22-7 as a condition for eligibility of an applicant for government employment is of a continuing nature and must exist not only at the time of the initial appointment or employment but must continue during such employment. See 56 Am. Jur.2d, Municipal Corporations, Counties, and other Political Subdivisions, § 248 at 307. Cf. Kennedy v. Newark, supra, 29 N.J. at 188; Burnson v. Evans, 137 N.J.L. 511, 515 (Sup. Ct. 1948). A fair reading of this statute in the light of the purposes of the residency requirement compels such a construction. It would make little sense to impose a residency requirement as a qualification for eligibility for appointment or employment and not require the same qualification for continued employment. If such were the case, any applicant, after satisfying the residency requirement for initial employment, could immediately remove from the political subdivision or unit and successfully claim the right to continued governmental employment. We cannot conceive that our Legislature intended such a result when it enacted N.J.S.A. 11:22-7. Such a construction is clearly contrary to the equity and spirit of the Civil Service Act. Cf. 2A Sutherland, *346 Statutory Construction (4 ed. Sands, 1973) §§ 54.01 and 54.08; Terminal Const. Corp. v. Atlantic Cty. Sewerage Auth., 67 N.J. 403, 415 (1975); Citizens For Charter Change, Essex Cty. v. Caputo, 136 N.J. Super. 424, 430 (App. Div. 1975), certif. den. (1975). Thus, we hold that N.J.S.A. 11:22-7 requires residency within the county not only as a condition for eligibility for appointment to the office of county detective but also as a condition for continued employment in that office. In view of this holding we need not consider the question of whether N.J.S.A. 40A:9-1 applies to county detectives.
Accordingly, the judgment of the Law Division is reversed and the matter remanded to the trial judge with direction that he enter an order terminating Skolski's employment as a county detective in the office of the Bergen County Prosecutor.