**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2391-24

THOMAS J. MCCORMICK,

     Plaintiff-Appellant,

v.

THE COUNTY OF SUSSEX and
RON TAPPAN, the COUNTY
ADMINISTRATOR OF THE
COUNTY OF SUSSEX, in his
official capacity,

     Defendants-Respondents.

_____

Argued April 29, 2026 – Decided May 13, 2026

Before Judges Mayer, Gummer, and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-2507-24.

Ryan Patrick Campi argued the cause for appellant (Graziano & Campi, LLC, attorneys; Kathleen McCormick Campi and Ryan Patrick Campi, of counsel and on the briefs).

Joseph D. Greer argued the cause for respondents (Lavery, Selvaggi, & Cohen, PC, attorneys; James F.

Moscagiuri, of counsel and on the brief; Joseph D. Greer, on the brief).

PER CURIAM

In this vacation-leave dispute, plaintiff Thomas J. McCormick appeals from a January 6, 2025 order denying his summary-judgment motion and granting the cross-motion of defendants County of Sussex and then County Administrator Ron Tappan and a March 5, 2025 order denying his reconsideration motion. Based on our de novo review, we conclude genuine issues of material fact precluded summary judgment. Accordingly, we affirm the aspect of the January 6, 2025 order denying plaintiff's summary-judgment motion and reverse the aspect of the order granting defendants' cross-motion for summary judgment. We also reverse the March 5, 2025 order denying plaintiff's reconsideration motion. We remand the case for proceedings consistent with this opinion.

I.

Plaintiff began his employment with the Sussex County Prosecutor's Office in 2005. At all times relevant to this case, he served as the Office's Chief of Detectives. The Sussex County Prosecutor is a constitutional officer. N.J. Const. art. VII, § 11, ¶ 1 (providing for the appointment of county prosecutors).

A-2391-24

Annmarie Taggart was the Acting Sussex County Prosecutor from July 1, 2022, until December 1, 2023.

In October or November 2023, Taggart and plaintiff began discussing the cancellation of his planned vacation due to exigent circumstances surrounding the transition to a new acting county prosecutor and the need for plaintiff to remain at work during the transition period. Taggart asked plaintiff to cancel his scheduled vacation. Plaintiff cancelled his vacation plans and submitted to Taggart a written request to carry forty unused vacation days, consisting of twenty-one days from 2023 and nineteen days from 2022, over to 2024. Taggart determined the request was appropriate under the circumstances, approved it, and signed off on the written request.

On November 30, 2023, Tina Jacobs, the office manager of the Prosecutor's Office, forwarded Taggart's written approval of the request to six members of the County Administrator's staff so the vacation-day carryover could be entered into Primepoint, which is the County's electronic payroll system. In her cover email, Jacobs confirmed Taggart had approved the request and told the recipients to let her know if they had any questions or needed additional information. Neither Tappan nor his staff contacted Taggart about her approval of plaintiff's request. Plaintiff also had not heard from Tappan or

A-2391-24

his staff about the approval of his request. Plaintiff checked Primepoint before the end of 2023 and saw the carried-over vacation days on the payroll system.

Sometime in early January 2024, plaintiff checked the system again and noticed that nineteen of the carried-over vacation days were not on Primepoint. On January 9, 2024, Jacobs emailed Sussex County's Employee Services, forwarding her prior email with the written approval and again confirming Taggart had requested plaintiff's "total 2023 vacation hours be transferred to 2024." She stated in the email that "[i]t appear[ed] 152 vacation hours should be added to [plaintiff's] vacation hours bank." In a January 12, 2024 email, Debbie Pfunke of Tappan's office indicated she had spoken with Tappan and asked, "What are the circumstances for this request?" Within minutes, Jacobs responded: "With the Prosecutor's Office operating under an Acting Prosector and without a First Assistant Prosecutor, additional responsibilities demand [plaintiff's] attention and restrict the amount of time he can be away from the office." Jacobs acknowledged plaintiff had used some vacation days in 2023 and stated, "his responsibilities prevented him from taking additional time." Tappan was copied on the January 12 emails.

Jacobs followed up in a January 19, 2024 email, asking when plaintiff's "152 vacation hours w[ould] be added to" the system. Tappan responded that

day, stating: "No extenuating circumstances are . . . emergent, or [involve a] health issue preventing the employee from taking [v]acation." In a January 22, 2024 email, plaintiff asked Tappan to call him, explaining "[t]here is a medical reason for the vacation carry over . . . Jacobs is unaware of." Instead of calling, Tappan emailed plaintiff, stating plaintiff had been "the only employee allowed to roll over more [than] one years' worth of time" and already had "two years of time in the bank." Tappan told plaintiff he could not "approve another year in the face of denying everyone else." In response, plaintiff told Tappan he had submitted the carryover "request in November because [he] could not take off because of the change in County Prosecutors. The time was carried over in January and only now I am told I can't have the time. Clearly I would have taken it before losing [nineteen] days." Plaintiff represented he had the unused vacation time "as a result of a[] serious operation and [two] acting County Prosecutors." In another email, plaintiff asked Tappan for an in-person meeting. Tappan did not respond.

On April 8, 2024, plaintiff filed a verified complaint in lieu of prerogative writs, pleading two causes of action. In the first cause of action, plaintiff asserted he was "an unclassified civil servant not subject to the provisions of" the Civil Service Act (CSA), N.J.S.A. 11A:1-1 to -12.6, including the vacation-

leave provisions set forth in N.J.S.A. 11A:6. He also contended Tappan, as County Administrator, had no authority over the County Prosecutor or the unclassified civil service employees who work for the County Prosecutor and, thus, had no authority to override the Prosecutor's decisions regarding those employees. Plaintiff sought a "judgment in the form of an [o]rder in lieu of the prerogative Writ of Mandamus," directing Tappan, as the County Administrator, and the employees of the County Administrator's office, "to return . . . the [nineteen] deleted days to his vacation bank in the Primepoint system . . . ." (Emphasis omitted). In the second cause of action, plaintiff asserted he also was entitled to his requested relief pursuant to the doctrine of equitable estoppel. Defendants answered the complaint. The court sua sponte transferred the case from the Sussex Vicinage to the Passaic Vicinage.

Plaintiff moved and defendants cross-moved for summary judgment. Whether the parties completed discovery before filing the motions is not clear from the record.[1] The court heard argument and, on January 6, 2025, entered an order with an accompanying written decision denying plaintiff's motion, granting defendants' cross-motion, and dismissing the complaint with prejudice.

---

[1] Contrary to Rule 1:6-2(a), the parties' respective notice of motion and notice of cross-motion did not set forth "the discovery end date or a statement that no such date has been assigned."

A-2391-24

The court's decision was premised on its finding that the Acting County Prosecutor "d[id] not have the authority to allow [p]laintiff to carry over more than one year's worth of vacation time from 2023 to 2024."

Accepting defendants' disputed assertions, the court found "all employees who are not deemed 'Constitutional Officers' or 'Undersheriffs' have their vacation time determined by the Sussex County Employee Handbook and" the Preliminary Final Memorandum of Agreement Pending Ratification Between the Sussex County Board of County Commissioners and Communication Workers of America, AFL-CIO Local 1032 Non-Supervisory Unit (CWA Agreement). The court adopted defendants' disputed assertions that plaintiff was employed by Sussex County, not the Sussex County Prosecutor as plaintiff contended; had "adhered to" the vacation policies set forth in the CWA Agreement during his entire employment; and was entitled annually to twenty-one vacation days under the CWA Agreement. The court also accepted defendants' disputed assertions about plaintiff's prior carryover of vacation days and other employees never having been granted approval to carryover vacation days.

The court held that "when . . . performing administrative duties related to payroll and vacation days," the Acting County Prosecutor "is acting as a county

employee" and "[a]s a county employee, [she] is therefore bound by county policies and procedures."  Referencing the Sussex County Handbook and the CWA Agreement, the court held the Acting County Prosecutor did not have the authority to permit plaintiff to carry over more than one year's worth of vacation time.  The court did not address the equitable-estoppel claim pleaded in plaintiff's second cause of action.

Plaintiff moved for reconsideration.  After hearing argument on March 5, 2025, the court placed a decision on the record and entered an order denying the motion.  In its oral decision, the court recognized plaintiff was "not a member of the collective bargaining agreement and he's not bound specifically by the collective bargaining agreement," presumably meaning the CWA Agreement.  The court found the undisputed facts established plaintiff's status as an "unclassified employee, meaning he's not covered by Title 11.  He's not in civil service."  The court again concluded plaintiff was a county employee and deemed plaintiff's vacation-carryover request "not a budget issue" but part of the Acting Prosecutor's "administrative duties."  Based on the Sussex County Employee Handbook and "past practice," the court again found the Acting County Prosecutor lacked authority to authorize the carryover of "more than [twenty-one] days into 2024."

A-2391-24

The court expressly rejected plaintiff's estoppel argument based on its finding of the Acting County Prosecutor's lack of authority and because "there's been no past practice that [plaintiff] could say he relied upon . . . other than the one time which was because of the COVID emergency." In rendering that finding, the court apparently adopted defendants' disputed assertions about plaintiff's prior carryover of vacation days.

This appeal followed.

## II.

We review a trial court's order on summary judgment de novo and apply the same standard used by the trial court. Boyle v. Huff, 257 N.J. 468, 477 (2024). "In ruling on a summary judgment motion, a court does not 'weigh the evidence and determine the truth of the matter'; it only 'determine[s] whether there is a genuine issue for trial.'" C.V. ex rel. C.V. v. Waterford Twp. Bd. of Educ., 255 N.J. 289, 305-06 (2023) (alteration in original) (quoting Rios v. Meda Pharm., Inc., 247 N.J. 1, 13 (2021)).

Summary judgment is proper only if the record demonstrates "no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Friedman v. Martinez, 242 N.J. 449, 471-72 (2020) (quoting R. 4:46-2(c)). "To decide whether a genuine issue of

material fact exists, the trial court must 'draw[] all legitimate inferences from the facts in favor of the non-moving party.'" Id. at 472 (alteration in original) (quoting Globe Motor Co. v. Igdalev, 225 N.J. 469, 480 (2016)). A court should grant summary judgment "[o]nly 'when the evidence is so one-sided that one party must prevail as a matter of law . . . .'" Petro-Lubricant Testing Labs., Inc. v. Adelman, 233 N.J. 236, 257 (2018) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)) (internal quotation marks omitted).

We review a trial court's order on a reconsideration motion under an abuse-of-discretion standard. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021).

Given the existence of genuine issues of material fact, the court misstepped in adopting defendants' factual contentions and in granting defendants summary judgment. We address first the court's reliance on the CWA Agreement. It is undisputed plaintiff was not a member of the Communications Workers of America union and, thus, was not subject to the CWA Agreement. Whether he nevertheless followed the provisions of the CWA Agreement during his employment was disputed by the parties. Given that genuine issue of material fact, the court should not have relied on the CWA Agreement in granting defendants' cross-motion for summary judgment.

10

More broadly, the parties disagree about the identity of plaintiff's employer and other aspects of his employment. That disagreement matters because it impacts who had authority to make decisions about the terms and conditions of his employment, including whether he could carry over vacation days. Despite the parties' differences and without a clear basis in law or fact, the court adopted defendants' factual assertions.

The County Detectives and County Investigators Act (Act), N.J.S.A. 2A:157-1 to -23, governs the employment of county detectives and investigators. See Cooper v. Imbriani, 63 N.J. 535, 536 (1973); N.J.S.A. 2A:157-2 (establishing position of county detective); N.J.S.A. 2A:157-10 (establishing position of county investigator). "Although the powers and obligations of both offices are identical, investigators [are] expressly excluded from the classified civil service." Zamboni v. Stamler, 199 N.J. Super. 378, 385 (App. Div. 1985); see also N.J.S.A. 2A:157-10 (county investigators "shall be in the unclassified service of the civil service"); N.J.S.A. 2A:157-2 (county detectives "shall be in the classified service of the civil service").

Pursuant to N.J.S.A. 2A:157-2, a county prosecutor has "the authority to appoint detectives to assist 'in the detection, apprehension, arrest and conviction' of offenders." Zamboni, 199 N.J. Super. at 379 (quoting N.J.S.A. 2A:157-2).

11

"Members of the detective staff are in the classified civil service and their appointment and promotion are rigidly controlled by both statutory and regulatory provisions." Id. at 379-80. The county prosecutor may designate one of the appointed county detectives as "chief of county detectives." N.J.S.A. 2A:157-3 to -9.

Pursuant to N.J.S.A. 2A:157-10, the county prosecutor has the authority "to appoint investigators whose statutory functions are identical with those of the detectives. However, investigators are not in the classified civil service. Rather, they serve at the prosecutor's pleasure and 'are subject to removal by [the prosecutor]' for any reason and at any time." Zamboni, 199 N.J. Super. at 380 (quoting N.J.S.A. 2A:157-10). "[A] county investigator [is] employed by the county prosecutor . . . ." N.J.S.A. 2A:157-10.1. N.J.S.A. 2A:157-10.1 references the position of "chief investigator." "[T]he plain legislative purpose was to provide the prosecutor with 'a confidential investigatory staff serving at his [or her] pleasure and removable at his [or her] will . . . .'" Zamboni, 199 N.J. Super. at 385 (omission in original) (quoting Brennan v. Byrne, 31 N.J. 333, 336 (1960)).

According to plaintiff, "[t]he office of Chief of Detectives is the position of county investigator" and, thus, "is in the unclassified service of the civil

service," consistent with N.J.S.A. 2A:157-10.  He makes that assertion despite the provisions of N.J.S.A. 2A:157-3 to -9 regarding the appointment of a "chief of county detectives" from the ranks of the county detectives, who, pursuant to N.J.S.A. 2A:157-2, fall within "the classified service of the civil service."  He also asserts the Chief of Detectives "serves at the pleasure of the Prosecutor" and "is not subject to or governed by the provisions of [the CSA]."  He certified he was "employed by the Sussex County Prosecutor, which is entirely different from being an employee of the County itself."

Defendants dispute all but one of those assertions.  They agree plaintiff was "unclassified" but contend he was an employee of Sussex County and that vacation policies for all Sussex County employees, except constitutional officers and undersheriffs, are determined by the CWA Agreement, which limits the carryover of vacation time to "[a] maximum of one year's allotment."

Considering defendants' cross-motion for summary judgment, the court had an obligation to view the facts in a light most favorable to plaintiff.  See Comprehensive Neurosurgical, P.C. v. Valley Hosp., 257 N.J. 33, 73 (2024) (holding a court must "[l]ook[] at the facts in the light most favorable" to non-moving party when deciding a summary-judgment motion).  With that view, a reasonable factfinder could conclude, despite the provisions of N.J.S.A. 2A:157-

13

3 to -9, the position of Chief of Detectives in Sussex County is equivalent to the position of county investigator and, thus, the Chief of Detectives is employed by the County Prosecutor and not the County, falls within "the unclassified service of the civil service" pursuant to N.J.S.A. 2A:157-10, and, consequently, is not subject to the vacation policies set forth in the CSA, the CWA Agreement, or the Sussex County Employee Handbook. Given the parties' genuine disputes regarding fundamental aspects of plaintiff's employment, the court erred in adopting defendants' factual assertions and granting summary judgment in their favor.

Genuine issues of material fact also rendered inappropriate the court's rejection of plaintiff's equitable-estoppel claim in its reconsideration decision. "Estoppel is an equitable doctrine, founded in the fundamental duty of fair dealing imposed by law." Knorr v. Smeal, 178 N.J. 169, 178 (2003) (quoting Casamasino v. City of Jersey City, 158 N.J. 333, 354 (1999)). "The doctrine is designed to prevent injustice by not permitting a party to repudiate a course of action on which another party has relied to his detriment." Ibid. "[T]o establish equitable estoppel, plaintiff[] must show that defendant[s] engaged in conduct, either intentionally or under circumstances that induced reliance, and that

plaintiff[] acted or changed [his] position to [his] detriment." Ibid.; see also Hirsch v. Amper Fin. Servs., LLC, 215 N.J. 174, 189 (2013) (same).

"As a general rule, 'the doctrine of [e]quitable estoppel is rarely invoked against a governmental entity.'" In re Protest by El Sol Contracting & Constr. Corp., 260 N.J. 362, 379 (2025) (alteration in original) (quoting Meyers v. State Health Benefits Comm'n, 256 N.J. 94, 100 (2023)) (internal quotation marks omitted). However, the doctrine "will be applied in the appropriate circumstances unless the application would 'prejudice essential governmental functions.'" Middletown Twp. Policemen's Benevolent Ass'n Local No. 124 v. Twp. of Middletown, 162 N.J. 361, 367 (2000) (quoting Wood v. Borough of Wildwood Crest, 319 N.J. Super. 650, 656 (App. Div. 1999)) (internal quotation marks omitted). The doctrine "'may be invoked' against a governmental entity 'where interests of justice, morality and common fairness clearly dictate that course.'" Seago v. Bd. of Trs., 257 N.J. 381, 395 (2024) (quoting Middletown Twp. Policemen's Benevolent Ass'n Local No. 124, 162 N.J. at 367).

If, as defendants contend and the court held in its summary-judgment decision, the Acting County Prosecutor was "acting as a county employee" when she approved the carryover of plaintiff's vacation time, plaintiff has met the first element of an equitable-estoppel claim. The parties do not dispute plaintiff

relied on that approval: plaintiff canceled his vacation plans and worked during the transition period as requested by the Acting County Prosecutor, with the understanding he could carry over his unused vacation days. "[E]quitable considerations are relevant in evaluating the propriety of conduct taken after substantial reliance by those whose interests are affected by subsequent actions . . . [in order] to avoid wrong or injury ensuing from reasonable reliance upon such conduct." Ibid. (alterations and omission in original) (quoting Skulski v. Nolan, 68 N.J. 179, 198 (1975)) (internal quotation marks omitted).

The parties disputed the reasonableness of that reliance. Defendants contended plaintiff's reliance was not reasonable given "past practice," specifically that no other employee had been allowed to carry over vacation days and plaintiff had been allowed to do so only once due to the COVID-19 pandemic. Plaintiff disputed defendants' factual assertions about "past practice," explaining in a certification that other employees had been allowed to carry over vacation days and the prior approval of his carryover of vacation days was not related to the COVD-19 pandemic. Given those genuine disputes of material fact and plaintiff's assertion he had relied to his detriment on the Acting County Prosecutor's approval of his carryover request by forgoing his vacation,

16

the court erred in rejecting plaintiff's equitable-estoppel claim in deciding the parties' motion and cross-motion for summary judgment.

In sum, we affirm the aspect of the January 6, 2025 order denying plaintiff's summary-judgment motion, reverse the aspect of the order granting defendants' cross-motion for summary judgment, and reverse the March 5, 2025 order denying plaintiff's reconsideration motion. We remand the case for proceedings consistent with this opinion. As noted, we cannot determine from the record whether the parties completed discovery. On remand, the court within its discretion may determine whether the parties should conduct additional discovery in an effort to resolve their factual disputes.

Affirmed in part; reversed in part; and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

17

A-2391-24